Michael W. HARRISON, Appellant,

v.

Shirley J. NEELEY, ED.D., Texas Commissioner of Education and Southside Independent School District By and Through Its Board of Trustees, Appellees.

No. 04–07–00054–CV.

Court of Appeals of Texas, San Antonio.

May 9, 2007.

Robert L. Wilson, III, RL Wilson, P.C., San Antonio, for appellant.

George Warner, Asst. Atty. Gen., Austin, Laura C. Rodriguez, Jose A. De Los Santos, Jr., Tony Resendez, Walsh, Anderson, Brown, Schulze & Aldridge, P.C., San Antonio, for appellees.

Sitting: ALMA L. LÓPEZ, Chief Justice, KAREN ANGELINI, Justice, PHYLIS J. SPEEDLIN, Justice.

## OPINION

Opinion by ALMA L. LÓPEZ, Chief Justice.

Michael W. Harrison appeals the trial court's order dismissing the underlying lawsuit for want of jurisdiction based on

his failure to exhaust his administrative remedies. The only issue presented on appeal is whether the trial court erred in concluding that Harrison was required to present his claim alleging a violation of the Texas Open Meetings Act ("Act") to the Texas Commissioner of Education prior to filing his lawsuit in district court. We affirm the trial court's order.

## BACKGROUND

Harrison was employed as the head football coach for Southside High School in the Southside Independent School District (the "District"). On February 27, 2006, a motion was made to renew Harrison's contract. The motion did not carry. Immediately following this action, the board separately considered an issue regarding the non-renewal of two term contracts. On February 28, 2006, Harrison tendered his resignation.

Harrison filed a petition for review with the Commissioner of Education seeking a review of the decision to non-renew his contract. Harrison stated that the District's superintendent requested and received a letter of resignation from him; however, the letter was submitted under duress, so he withdrew and rescinded it. Harrison sought a determination under section 21.303 of the Texas Education Code ("Code") that he did not receive the notice required by the Code with regard to the decision to non-renew and that the decision was arbitrary and capricious.

The Commissioner dismissed the petition concluding that the Commissioner lacked jurisdiction over the case. The Commissioner concluded that the failure of a motion to renew is not the same as a passage of a motion to non-renew, and the failure of a motion to renew is not appealable under section 21.301 of the Code.

Harrison filed a petition in district court seeking judicial review of the Commission-

er's decision. In his petition, Harrison asserted additional claims for breach of contract and declaratory judgment. Harrison later amended his petition to include a claim for violation of the Act. The District filed a plea to the jurisdiction asserting that Harrison had failed to exhaust his administrative remedies with regard to the additional claims. The trial court dismissed the additional claims for lack of jurisdiction, and Harrison appealed the order exclusively as to his claim for violation of the Act.

## DISCUSSION

 If an administrative body has exclusive jurisdiction, a party must exhaust all administrative remedies before seeking judicial review of the decision. *Thomas v. Long*, 207 S.W.3d 334, 340 (Tex.2006). Until the party has satisfied this exhaustion requirement, the trial court lacks subject matter jurisdiction and must dismiss those claims without prejudice to refiling. *Id.*

 The parties to this appeal agree that the Commissioner of Education has exclusive jurisdiction to review claims of a person aggrieved by an action or decision of any school district board of trustees that violates the school laws of this state. *See* TEX. EDUC.CODE ANN. § 7.057(a) (Vernon 2006). The parties disagree as to whether the Act is a school law of the state such that a decision made by a school district in violation of the Act requires the person aggrieved by the decision to exhaust his or her administrative remedies.

The phrase "school laws of this state" is defined to include all statutes contained in titles 1 and 2 of the Code. *See* TEX. EDUC. CODE ANN. § 7.057(f)(2) (Vernon 2006). Section 26.007(b) of the Code, which is contained in title 2, provides that all public meetings of a school district "must comply

with Chapter 551, Government Code." *See* TEX. EDUC.CODE ANN. § 26.007(b) (Vernon 2006). Chapter 551 of the Government Code contains the provisions of the Act. *See* TEX. GOV'T CODE ANN. §§ 551.001–551.146 (Vernon 2004 & Supp.2006). By incorporating the Act into title 2 of the Code, the Legislature incorporated the Act into the definition of a school law of the state; therefore, a claim by a person aggrieved by a decision made by a school district in violation of the Act requires the person to exhaust his or her administrative remedies. *See* TEX. EDUC.CODE ANN. § 7.057(a) (Vernon 2006); *see also Stockdale v. Meno*, 867 S.W.2d 123, 124 (Tex. App.-Austin 1993, writ denied) (considering appeal of trial court's judgment affirming Commissioner's decision that school district did not violate the Act); *Lang. v. Grand Prairie Ind. Sch. Dist.*, No. 187–R3–799 (Comm'r Educ.2000) (concluding Commissioner has jurisdiction over claims alleging a violation of the Act); *Reeves v. Aledo Ind. Sch. Dist*, No. 106–R10–496 (Comm'r Educ.1999) (same); *but see Point Isabel Ind. Sch. Dist. v. Hinojosa*, 797 S.W.2d 176, 178–79 (Tex.App.-Corpus Christi 1990, writ denied) (considering appeal from lawsuit brought in district court complaining of a violation of the Act by the board without addressing exhaustion requirement). Because Harrison failed to exhaust his administrative remedies with regard to his claim asserting a violation of the Act, the trial court did not err in granting the plea to the jurisdiction and dismissing the claim.

The trial court's order is affirmed.