**FORT WORTH INDEPENDENT SCHOOL DISTRICT,**
Petitioner,

v.

**SERVICE EMPLOYMENT REDEVELOPMENT,**
Respondent.

No. 05–0427.

Supreme Court of Texas.

Aug. 24, 2007.

Rehearing Denied Feb. 22, 2008.

David F. Chappell, Cynthia L. Hill, David Holder and David Matthew Clem, Chappell, Hill & Lowrance, L.L.P., Fort Worth, TX, for Petitioner.

Michael T. Savage, Ackerman & Savage, L.L.P., and Kent F. Brooks, Law Office of Kent F. Brooks, Dallas, TX, for Respondent.

Eric W. Schulze, Walsh Anderson Brown Schulze & Aldridge, P.C., Austin, TX, for Amicus Curiae.

PER CURIAM.

Service Employment Redevelopment ("SER") sued Fort Worth Independent School District for breach of a contract to provide alternative education program services. The trial court dismissed the case for want of jurisdiction, but a divided court of appeals reversed. 163 S.W.3d 142 (Tex.App.-Fort Worth 2005). The court of appeals held that the District's immunity from suit was waived by section 11.151(a) of the Texas Education Code, which states:

The trustees of an independent school district constitute a body corporate and in the name of the district may acquire and hold real and personal property, sue and be sued, and receive bequests and

donations or other moneys or funds coming legally into their hands.

For the reasons explained in *Tooke v. City of Mexia,* 197 S.W.3d 325, 342 (Tex.2006), we have held that section 11.151(a) is not a clear and unambiguous waiver of immunity. *Satterfield & Pontikes Constr., Inc. v. Irving Indep. Sch. Dist.,* 197 S.W.3d 390, 391 (Tex.2006) (per curiam); *Columbus Indep. Sch. Dist. v. Five Oaks Achievement Ctr.,* 197 S.W.3d 384, 385 (Tex.2006) (per curiam).

 The District contends that before filing suit, SER was required to seek relief from the Commissioner of Education under former section 11.13(a) of the Texas Education Code, which provided for an appeal to the Commissioner of disputes over school district actions "arising under the school laws of Texas".[1] We think the current provision, section 7.057(a) applies instead.[2] Though different in some respects, it contains the same provision.[3] We agree with the court of appeals, 163 S.W.3d at 160–61, that a vendor's claim for breach of a contract to provide a school district services like those involved here does not complain of a violation of Texas school laws. *Columbus Indep. Sch. Dist.,* 197 S.W.3d at 385; *Spring Branch Indep. Sch. Dist. v. Metalab Equip. Co.,* 381 S.W.2d 48, 48 (Tex.1964) (per curiam).

The District also contends that SER's claim is really for a violation of section 37.008(g) of the Texas Education Code, which SER has no standing to assert, rather than for breach of contract. But we agree with the court of appeals that SER is entitled to assert a claim for breach of a contract to which it was a party.

While this case has been pending on appeal, the Legislature enacted sections 271.151–.160 of the Texas Local Government Code, which waive immunity from suit for certain claims against local governmental entities, including public school districts. Sections 271.152–.154 "apply to a claim that arises under a contract executed before [September 1, 2005] ... if sovereign immunity has not been waived with respect to the claim" before that date. Act of May 23, 2005, 79th Leg., R.S., ch. 604, § 2, 2005 Tex. Gen. Laws 1548, 1549. SER should have the opportunity to argue

---

**1.** Act of June 2, 1969, 61st Leg., R.S., ch. 889, § 1, 1969 Tex. Gen. Laws 2735, 2757, formerly Tex. Educ.Code § 11.13(a) ("Persons having any matter of dispute among them arising under the school laws of Texas or any person aggrieved by the school laws of Texas or by actions or decisions of any board of trustees or board of education may appeal in writing to the commissioner of education, who, after due notice to the parties interested, shall hold a hearing and render a decision without cost to the parties involved, but nothing contained in this section shall deprive any party of any legal remedy."), *repealed by* Act of May 27, 1995, 74th Leg., R.S., ch. 260, § 58, 1995 Tex. Gen. Laws 2207, 2498.

**2.** Act of May 27, 1995, 74th Leg., R.S., ch. 260, § 60, 1995 Tex. Gen. Laws 2207, 2499 ("Section 7.057, Education Code, as added by this Act, applies to an action taken or decision made by the board of trustees of a school district on or after January 1, 1996. The

appeal of an action taken or decision made by a board of trustees before January 1, 1996, is governed by Section 11.13, Education Code, as that section existed before repeal by this Act, and that section is continued in effect for that purpose."). The contract in this case was executed December 12, 1995, but the actions SER complains of occurred when the District denied payment years later.

**3.** Tex. Educ.Code § 7.057(a) ("Except as provided by Subsection (e), a person may appeal in writing to the commissioner if the person is aggrieved by: (1) the school laws of this state; or (2) actions or decisions of any school district board of trustees that violate: (A) the school laws of this state; or (B) a provision of a written employment contract between the school district and a school district employee, if a violation causes or would cause monetary harm to the employee.").

in the trial court that the District's immunity is waived by these provisions.

Accordingly, we grant the District's petition for review, and without hearing oral argument, TEX.R.APP. P. 59.1, we reverse the judgment of the court of appeals and remand the case to the trial court for further proceedings.

Justice WILLETT did not participate in this decision.