**Erik LARSEN, Appellant,**

v.

**SANTA FE INDEPENDENT SCHOOL DISTRICT, Appellee.**

No. 14–07–01038–CV.

Court of Appeals of Texas, Houston (14th Dist.).

July 28, 2009.

Rehearing Overruled Aug. 20, 2009.

---

**3.** *See Gates,* 462 U.S. at 236–37, 103 S.Ct. 2317.

Cletus P. Ernster, J L Carpenter, Houston, TX, for appellants.

Clay T. Grover, Houston, TX, for appellees.

Panel consists of Justices FROST, BROWN, and BOYCE.

## OPINION

WILLIAM J. BOYCE, Justice.

Erik Larsen appeals from an order granting summary judgment in favor of Santa Fe Independent School District ("the District") in connection with Larsen's lawsuit for retaliatory discharge following his filing of a workers' compensation claim. *See* Tex. Lab.Code Ann. § 451.001 (Vernon 2006). Before reaching the merits, we must determine whether Larsen's asserted

failure to exhaust administrative remedies deprived the trial court of subject matter jurisdiction. We conclude the trial court had jurisdiction and affirm.

## Background

Larsen began working on an at-will basis as a police officer for the District on October 16, 2003. He was injured while participating in a work-related training exercise on October 5, 2005 and took a leave of absence from his job. The District reported Larsen's injury to its workers' compensation administrator on October 11, 2005. Larsen began receiving workers' compensation benefits thereafter.

As an at-will employee, Larsen was governed by the District's Leave and Absence Policy ("the Policy"). Under the Policy, an employee who has exhausted all available leave and cannot return to work may be terminated. The Policy was included in the District's employee handbook for the 2005–2006 school year. The Policy provides that employee leave taken pursuant to the Family Medical Leave Act ("FMLA") runs concurrently with any accrued sick and personal leave taken. The FMLA provides up to 12 weeks of unpaid, job-protected leave from employment. 29 U.S.C. §§ 2612(a)(1), 2614(a)(1) (2006).

At the time of Larsen's October 2005 injury, he already had accrued and exhausted three sick and personal leave days for the 2005–2006 school year. Larsen did not return to work from his October 2005 injury before exhausting all of his available leave. Larsen testified in his February 2007 deposition that he remained unable to work.

Finance Director Ryan Boone, who handled workers' compensation issues for the District, informed Superintendent Dr. Jon Whittemore before January 23, 2006 that Larsen had exhausted all of his available leave. Whittemore sent a letter to Larsen dated January 23, 2006 stating that Larsen's FMLA and other leave time expired on January 18, 2006, and that the District was terminating Larsen's employment because of his inability to return to work upon the expiration of his leave.[1]

According to Whittemore, Larsen was required to file a grievance with the District if he wanted to appeal his employment termination through administrative means. The District's grievance procedure allowed an at-will employee to file a grievance within 15 days of the date the employee first learned of the action giving rise to the grievance. Whittemore testified that he was uncertain whether Larsen had to invoke the District's grievance procedure before he could sue the District based on a retaliatory discharge claim stemming from his workers' compensation claim.

Larsen testified in his deposition that he spoke in December 2005 with his supervisor, Police Chief John Gerami, who told Larsen he likely would be terminated and had no recourse. Larsen testified that Gerami's statement prompted him to refrain from investigating or pursuing any administrative remedies available to him through the District's grievance procedure. Before his injury, Larsen signed the "Employee Handbook Acknowledgment" form and agreed to abide by all District procedures for the 2005–2006 school year. According to Larsen, he was unaware that his employee handbook outlined the District's grievance procedure or his eligibility

---

1. The record contains evidence variously identifying Larsen's termination date as January 18, January 19, and January 20, 2006. This inconsistency is immaterial to the resolution of this appeal in light of Larsen's deposition testimony in February 2007 that he had been unable to work from the date of injury through the date of his deposition.

to utilize the procedure. Larsen further testified that he did not refer to his employee handbook following his termination, and that speaking with Gerami was the only action he took to investigate any procedures for contesting his termination.

In his original petition, Larsen asserted that the District terminated his employment in retaliation for his filing of a workers' compensation claim seeking benefits under the Texas Workers' Compensation Act. The District filed a verified plea to the jurisdiction asserting that Larsen failed to exhaust administrative remedies. Larsen responded to the District's verified plea to the jurisdiction; the trial court denied the District's verified plea to the jurisdiction on April 17, 2007.[2]

The District filed a traditional motion for summary judgment under Texas Rule of Civil Procedure 166a(c), contending that (1) Larsen failed to establish a causal link between his discharge and his filing of a workers' compensation claim; (2) the District terminated Larsen's employment pursuant to the neutral application of the Policy; and (3) Larsen failed to establish a retaliatory motive. Larsen responded and addressed each ground the District asserted in its summary judgment motion. The

trial court signed an order granting summary judgment in favor of the District.

Larsen filed a motion for new trial. The trial court did not expressly rule on Larsen's motion and it was overruled by operation of law. Larsen now appeals from the trial court's summary judgment order.[3] The District asks us to dismiss Larsen's claim for lack of subject matter jurisdiction based on an asserted failure to exhaust administrative remedies or, in the alternative, to affirm the summary judgment order on the merits.

## Analysis

An employer cannot terminate or discriminate against an employee in retaliation for filing a workers' compensation claim in good faith or causing in good faith a proceeding to be held under the Texas Workers' Compensation Act. Tex. Lab. Code Ann. § 451.001(1), (3). Larsen asserts that the District violated section 451.001 by terminating his employment in retaliation for filing a workers' compensation claim in connection with his October 5, 2005 injury.

As a threshold matter, we first address the District's contention that subject

2. The District did not pursue an interlocutory appeal of the trial court's order as permitted by statute. *See* Tex. Civ. Prac. & Rem.Code Ann. § 51.014(a)(8) (Vernon 2008) (entitling a governmental unit to file an interlocutory appeal of a trial court's denial of a plea to the jurisdiction); Tex. Civ. Prac. & Rem.Code Ann. § 101.001(3)(B) (Vernon 2005) (defining "school districts" as "governmental units"); *see also Galveston Indep. Sch. Dist. v. Jaco*, No. 14–07–00313–CV, 2007 WL 5473075, at *2 (Tex.App.-Houston [14th Dist.] Nov. 15, 2007, no pet.) (mem. op.). The District's decision to forego an interlocutory appeal does not waive its assertion that the trial court lacked subject matter jurisdiction due to Larsen's asserted failure to exhaust administrative remedies. *See Hernandez v. Ebrom*, 289 S.W.3d 316, 318 (Tex.2009) (defendant's

choice to forego interlocutory appeal authorized by section 51.014 did not preclude later appeal from final judgment); *see also Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 443–44 (Tex.1993) ("Subject matter jurisdiction is never presumed and cannot be waived.").

3. Larsen also sued Crisis Prevention Institute, Inc. ("CPI") for negligence in connection with his October 5, 2005 injury. Larsen voluntarily non-suited CPI on April 24, 2007, leaving Larsen's retaliatory discharge claim against the District as his sole claim. Therefore, the trial court's September 7, 2007 summary judgment order was final and appealable. *See Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 199–200 (Tex.2001).

matter jurisdiction is lacking because Larsen failed to exhaust administrative remedies in connection with his retaliatory discharge claim. Determining whether a court has subject matter jurisdiction is a question of law we review *de novo*. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226–27 (Tex.2004); *Singleton v. Casteel*, 267 S.W.3d 547, 550 (Tex.App.-Houston [14th Dist.] 2008, pet. denied).

## I. Exhaustion of Administrative Remedies

 Courts of general jurisdiction are presumed to have subject matter jurisdiction absent a contrary showing that the Texas Constitution or other law has conferred jurisdiction on another court, tribunal, or administrative body. *Subaru of Am., Inc. v. David McDavid Nissan, Inc.*, 84 S.W.3d 212, 220 (Tex.2002); *see also* Tex. Const. art. V, § 8; Tex. Gov't Code Ann. §§ 24.007–.008 (Vernon 2004). The administrative bodies upon which jurisdiction can be conferred include state agencies, *see, e.g.,* Tex. Lab.Code Ann. § 410.251 (Vernon 2006); local commissions, *see, e.g.,* Tex. Lab.Code Ann. §§ 21.152, 21.201 (Vernon 2006); bodies created under the grievance or appeals procedure of an employing state or local governmental entity, *see, e.g.,* Tex. Gov't Code Ann. § 554.006 (Vernon 2004); and municipal civil service commissions, *see, e.g.,* Tex. Loc. Gov't Code Ann. §§ 143.006, 143.127(d) (Vernon 2008).

 Administrative bodies may exercise only those powers the law confers upon them in clear and express language. *Subaru of Am., Inc.*, 84 S.W.3d at 220. Courts will not imply the existence of additional authority for administrative bodies, nor may these bodies create for themselves any excess powers. *Id.* In deciding whether an administrative body has exclusive jurisdiction, we look to its authorizing legislation for an express grant of exclusive jurisdiction, or for a "pervasive regulatory scheme" indicating an intent to confer exclusive jurisdiction. *Employees Ret. Sys. of Tex. v. Duenez*, 288 S.W.3d 905, 909 (Tex.2009).

 "Typically, if an agency has exclusive jurisdiction, a party must exhaust all administrative remedies before seeking judicial review of the agency's action." *Subaru of Am., Inc.*, 84 S.W.3d at 221 (citing *Cash Am. Int'l Inc. v. Bennett*, 35 S.W.3d 12, 15 (Tex.2000)). "Until then, the trial court lacks subject matter jurisdiction and must dismiss the claims within the agency's exclusive jurisdiction." *Id.*

### A. Overview of Case Law Addressing Exhaustion of Administrative Remedies by Terminated School District Employees

Determining whether a terminated school district employee must exhaust administrative remedies before suing depends on the context of a particular claim. Answering this question requires a focus on whether the plaintiff (1) was a contractual or an at-will employee;[4] and (2) asserts claims based on the Texas Labor Code,[5] the Texas Education Code,[6] the

---

**4.** *See, e.g., Washington v. Tyler Indep. Sch. Dist.,* 932 S.W.2d 686, 688 (Tex.App.-Tyler 1996, no writ); *Caramanian v. Houston Indep. Sch. Dist.,* 829 S.W.2d 814, 816 (Tex.App.-Houston [14th Dist.] 1992, no writ); *Mitchison v. Houston Indep. Sch. Dist.,* 803 S.W.2d 769, 773 (Tex.App.-Houston [14th Dist.] 1991, writ denied); *Benavides Indep. Sch. Dist. v.*

*Guerra,* 681 S.W.2d 246, 248 (Tex.App.-San Antonio 1984, writ ref'd n.r.e.).

**5.** *See, e.g., Van Indep. Sch. Dist. v. McCarty,* 165 S.W.3d 351, 353–54 (Tex.2005); *Wilmer-Hutchins Indep. Sch. Dist. v. Sullivan,* 51 S.W.3d 293, 294 (Tex.2001) (per curiam); *Davis v. Dallas County Schs.,* 259 S.W.3d 280, 283–85 (Tex.App.-Dallas 2008, no pet.); *Mis-*

Texas Commission on Human Rights Act,[7] or the Texas or United States constitutions.[8]

Two parameters guide our analysis here: Larsen was an at-will school district employee, and he sued only under Texas Labor Code section 451.001. Larsen did not have a contract, and he did not predicate his suit on any other statutory, constitutional, or common law rights.

The Texas Supreme Court expressly left open the question of whether a terminated school district employee must exhaust administrative remedies before pursuing a retaliatory discharge claim under section 451.001. *See Van Indep. Sch. Dist. v. McCarty*, 165 S.W.3d 351, 353–54 & n. 8 (Tex.2005) (trial court cannot acquire subject matter jurisdiction by waiver; because plaintiff conceded that exhaustion was required, "we … assume this is correct without deciding it"); *Wilmer–Hutchins Indep. Sch. Dist. v. Sullivan*, 51 S.W.3d 293, 294 (Tex.2001) (per curiam) (trial court cannot acquire subject matter jurisdiction by estoppel; plaintiff conceded that exhaustion was required).

Lower courts have decided only a handful of cases addressing whether terminated school district employees must exhaust administrative remedies before suing under section 451.001, and have reached different conclusions. *See, e.g., Davis v. Dallas County Schs.*, 259 S.W.3d 280, 283–85 (Tex.App.-Dallas 2008, no pet.) (exhaustion required); *Mission Consol. Indep. Sch. Dist. v. Flores*, 39 S.W.3d 674, 676–78 (Tex.App.-Corpus Christi 2001, no pet.) (exhaustion not required); *Washington v. Tyler Indep. Sch. Dist.*, 932 S.W.2d 686, 688 (Tex.App.-Tyler 1996, no writ) (exhaustion required); *Jones v. Dallas Indep. Sch. Dist.*, 872 S.W.2d 294, 295–96 (Tex. App.-Dallas 1994, writ denied) (exhaustion required).

In *Davis*, the plaintiff was a bus driver employed by the Dallas County Schools who suffered a work injury in September 2005 and was unable to return to work for several months. *Davis*, 259 S.W.3d at 282. The plaintiff asserted that she was terminated in December 2005 in retaliation for filing a workers' compensation claim; the Dallas County Schools asserted that the plaintiff resigned in January 2006. *Id.* at 282–83. The trial court granted a plea to the jurisdiction based on the plaintiff's failure to exhaust administrative remedies. *Id.* at 283. The Dallas Court of Appeals

---

*sion Consol. Indep. Sch. Dist. v. Flores*, 39 S.W.3d 674, 676–78 (Tex.App.-Corpus Christi 2001, no pet.); *Washington*, 932 S.W.2d at 688; *Jones v. Dallas Indep. Sch. Dist.*, 872 S.W.2d 294, 295–96 (Tex.App.-Dallas 1994, writ denied).

6. *See, e.g., Fort Worth Indep. Sch. Dist. v. Serv. Employment Redevelopment*, 243 S.W.3d 609, 610 (Tex.2007) (per curiam); *Davis*, 259 S.W.3d at 283–85; *Hitchcock v. Bd. of Trs. Cypress–Fairbanks Indep. Sch. Dist.*, 232 S.W.3d 208, 213–14 (Tex.App.-Houston [1st Dist.] 2007, no pet.); *Harrison v. Neeley*, 229 S.W.3d 745, 746–47 (Tex.App.-San Antonio 2007, pet. denied); *Gutierrez v. Laredo Indep. Sch. Dist.*, 139 S.W.3d 363, 366–67 (Tex.App.-San Antonio 2004, no pet.); *Jones v. Clarksville Indep. Sch. Dist.*, 46 S.W.3d 467, 475 (Tex.App.-Texarkana 2001, no pet.); *Friona Indep. Sch. Dist. v. King*, 15 S.W.3d 653, 658 (Tex.App.-Amarillo 2000, no pet.).

7. *See, e.g., Austin Indep. Sch. Dist. v. Lowery*, 212 S.W.3d 827, 830–32 (Tex.App.-Austin 2006, pet. denied); *Vela v. Waco Indep. Sch. Dist.*, 69 S.W.3d 695, 699–702 (Tex.App.-Waco 2002, pet. withdrawn).

8. *See, e.g., Harlandale Indep. Sch. Dist. v. Rodriguez*, 121 S.W.3d 88, 93 & n. 2 (Tex.App.-San Antonio 2003, no pet.); *Jones*, 46 S.W.3d at 474–75; *King*, 15 S.W.3d at 659; *Janik v. Lamar Consol. Indep. Sch. Dist.*, 961 S.W.2d 322, 323–24 (Tex.App.-Houston [1st Dist.] 1997, writ denied); *Hicks v. Lamar Consol. Indep. Sch. Dist.*, 943 S.W.2d 540, 542–43 (Tex.App.-Eastland 1997, no writ).

affirmed and stated that an employee's failure to exhaust administrative remedies before bringing a section 451.001 retaliatory discharge claim "'deprives the trial court of jurisdiction over that cause of action.'" *Id.* (quoting *Dallas County v. Gonzales*, 183 S.W.3d 94, 107 (Tex.App.-Dallas 2006, pet. denied)).[9]

*Davis*'s section 451.001 exhaustion holding rests on *Gonzales.* In turn, *Gonzales*—which involved a former deputy constable's section 451.001 claim against the county and the constable—grounds its exhaustion holding on *Van Independent School District* and *Wilmer–Hutchins Independent School District. See Gonzales*, 183 S.W.3d at 107 (citing *Van Indep. Sch. Dist.*, 165 S.W.3d at 354, and *Wilmer–Hutchins Indep. Sch. Dist.*, 51 S.W.3d at 294). This reliance is misplaced because the Texas Supreme Court has stated that neither *Van Independent School District* nor *Wilmer–Hutchins Independent School District* decided whether exhaustion is required. *See Van Indep. Sch. Dist.*, 165 S.W.3d at 353 n. 8 ("As we did in *Wilmer–Hutchins*, we again assume this is correct without deciding it."). Therefore, we do not follow *Davis* and *Gonzales.*

*Flores* also involved a school bus driver who brought a section 451.001 claim against a school district. *Flores*, 39 S.W.3d at 675. The plaintiff was injured in December 1995 and returned to work in September 1996 following surgery. *Id.* The plaintiff asserted that he was terminated less than a week after returning to work; the school district asserted that the plaintiff's employment had not been officially terminated. *Id.* at 675–76.

The school district filed a plea to the jurisdiction based upon the plaintiff's asserted failure to exhaust administrative remedies. *Id.* at 676. The trial court denied the school district's plea to the jurisdiction, and the Corpus Christi Court of Appeals affirmed. *Id.* at 678. In concluding that the plaintiff was not required to exhaust administrative remedies, the court relied in part on the school district's assertion that the plaintiff's employment had not been terminated. *Id.* at 677. Additionally, the school district's employee handbook did not mention a policy governing general grievance procedures for support personnel and did not include the December 1995 grievance procedure upon which the school district relied. *Id.*

Because it is undisputed that the District terminated Larsen's employment, and that the District's policies were included in an employee handbook that Larsen acknowledged having received, *Flores* does not address the circumstances present in this case.

Other cases involving retaliatory discharge claims against school districts have required exhaustion of administrative remedies without clearly explaining *why* exhaustion is required. *See, e.g., Washington*, 932 S.W.2d at 688–89; *Jones*, 872 S.W.2d at 295–96.

For example, the plaintiff in *Jones* sued to enjoin the school district from declining

---

9. *Davis* overruled *Dallas Indep. Sch. Dist. v. Powell*, 68 S.W.3d 89, 91 (Tex.App.-Dallas 2001, no pet.), which held that a complaint of retaliatory discharge for filing a workers' compensation claim is not subject to an exhaustion requirement. *See Davis*, 259 S.W.3d at 285. *Davis*, like *Powell*, examined whether the action complained of was encompassed within the school district's grievance procedures. *Id.* at 283–84; *see also Powell*, 68 S.W.3d at 90–91. *Davis* held that the section 451.001 retaliatory discharge claim at issue (1) involved a "condition of work" governed by the school district's grievance process; and (2) was subject to an exhaustion of administrative remedies requirement. *Davis*, 259 S.W.3d at 285 ("termination is a condition of work and subject to the grievance process").

to recommend her for teacher certification and offer her new placement; she also asserted a section 451.001 claim. *See Jones,* 872 S.W.2d at 295. As a special education teacher, she was a contractual school district employee whose rights upon termination of her contract involved the Term Contract Nonrenewal Act found in the Education Code. *See id.* at 295; *see also* Tex. Educ.Code Ann. §§ 21.201–.213 (Vernon 2006); *Gutierrez v. Laredo Indep. Sch. Dist.,* 139 S.W.3d 363, 366–67 (Tex. App.-San Antonio 2004, no pet.) (Education Code "provide[s] procedures for teachers to follow in protesting their employment contracts"). *Jones* acknowledges this fact and cites cases holding that a contractual school district employee must exhaust administrative remedies before filing suit. *Jones,* 872 S.W.2d at 296.

While the ultimate disposition of *Jones* is correct, the opinion's lack of specificity creates the potential for confusion. The court broadly states: "A school employee who alleges that she has been wrongfully terminated must apply to the school authorities for relief before seeking the jurisdiction of a district court." *Id.* This statement may be correct as to certain school district employees asserting certain claims, but incorrect as to others. We also note that *Jones* was decided before 1995, when the Commissioner of Education retained exclusive jurisdiction over a broader range of controversies.[10]

For these reasons, *Jones* and similar cases do not guide our analysis here. *See Jones,* 872 S.W.2d at 296; *see also Washington,* 932 S.W.2d at 688–89 (citing *Jones* and other cases involving contractual

school district employees in holding that exhaustion was required before classroom aide could pursue section 451.001 suit; opinion does not specify whether plaintiff was contractual or at-will employee).

To resolve the question left open by the Texas Supreme Court, we first examine whether chapter 451 itself imposes an exhaustion requirement. We then examine whether Larsen's status as a school district employee affects the exhaustion-of-administrative-remedies analysis.

**B. Exhaustion of Administrative Remedies Under Texas Labor Code Chapter 451**

 The exhaustion requirement ensures that the appropriate body adjudicates an issue. *Travis Cent. Appraisal Dist. v. Norman,* 274 S.W.3d 902, 909 (Tex.App.-Austin 2008, pet. filed). The legislature decides that an administrative body is the appropriate place to resolve an issue when it establishes an administrative procedure for that purpose. *Id.* When the legislature has not expressed an intent to grant exclusive authority to adjudicate an issue, there is no jurisdictional issue barring a court from adjudicating the issue. *Id.* at 909–10.

Chapter 451 of the Texas Labor Code contains no language expressing an intent to create an exhaustion requirement. *Id.* at 910; *see also* Tex. Lab.Code Ann. §§ 451.001–.003 (Vernon 2006). This stands in stark contrast to other statutes that explicitly require exhaustion of administrative remedies established by an administrative body. *See, e.g.,* Tex. Gov't

---

10. The Texas Education Code was amended in 1995 to narrow the range of grievances over which the Commissioner of Education retains jurisdiction. *Lowery,* 212 S.W.3d at 832. Before the 1995 amendments, the Commissioner held jurisdiction over appeals regarding "any matter of dispute ... arising

under the school laws of Texas," rather than only those regarding "persons aggrieved by 'the school laws of Texas.'" *Id.* The Texas Education Agency interpreted the change as narrowing the Commissioner's jurisdiction over grievances. *Id.*

Code Ann. § 554.006 (requiring exhaustion before public employees can seek judicial relief from adverse employment actions or termination in retaliation for reporting violations under Texas Whistleblower Act); Tex. Lab.Code Ann. § 21.201 (outlining grievance procedure employees must follow with Texas Commission on Human Rights before suing for employment discrimination); Tex. Lab.Code Ann. § 410.251 (authorizing employees seeking benefits under Texas Workers' Compensation Act to seek judicial review after exhausting administrative remedies). The absence of comparable language in chapter 451 strongly indicates that exhaustion of administrative remedies is not required as a jurisdictional prerequisite for a section 451.001 claim. *See Norman,* 274 S.W.3d at 911–12.

*Norman*'s analysis of chapter 451 is instructive. Norman was hired by Travis Central Appraisal District in January 2006 as a probationary employee. *Id.* at 904. She filed a workers' compensation claim on June 15, 2006, and received written notice later that same day announcing her termination based on her work performance. *Id.* After Norman sued under section 451.001, the Travis Central Appraisal District asserted that the trial court lacked jurisdiction because she failed to exhaust administrative remedies through the grievance process before filing suit. *Id.*

*Norman* concluded that the legislature did not intend to create an exhaustion requirement as a prerequisite to filing suit

under section 451.001; "unless a plaintiff is subject to an exhaustion-of-remedies requirement established by other applicable law, it is not necessary to exhaust administrative remedies" before filing suit in a section 451.001 action. *Id.* at 911–12; *see also Mancera v. City of Laredo,* No. 04–04–00301–CV, 2005 WL 542793, at *4–*5 (Tex.App.-San Antonio Mar. 9, 2005, pet. denied) (mem. op.) (exhaustion of administrative remedies does not apply to a section 451.001 claim because Texas Labor Code chapter 451 does not require a claimant to pursue administrative process before filing a retaliatory discharge claim; distinguishing discrimination claims brought under Texas Labor Code chapter 21, which contains exhaustion provision).

We agree with *Norman*'s analysis. Chapter 451's language suggests no intent to create an exhaustion requirement as a prerequisite for suing under section 451.001. *See Norman,* 274 S.W.3d at 911. Therefore, unless Larsen is subject to an exhaustion requirement established by other applicable law, he need not exhaust administrative remedies in this section 451.001 action to confer subject matter jurisdiction on the trial court. *See id.* at 911–12.[11]

## C. Exhaustion Under Statutes Pertaining to Education

Having concluded that chapter 451 does not impose a freestanding exhaustion requirement, we now examine whether other potentially applicable statutes pertaining

11. At least one other case addresses exhaustion of administrative remedies for section 451.001 plaintiffs whose employment was terminated by employers other than school districts. *See, e.g., Haddix v. Am. Zurich Ins. Co.,* 253 S.W.3d 339, 350 (Tex.App.-Eastland 2008, no pet.) (exhaustion not required because employer offered no administrative grievance procedure). *Haddix,* which involved numerous discrimination and retalia-

tion claims under multiple statutes and theories, held that the plaintiff was not required to exhaust administrative remedies before pursuing his section 451.001 claim because his employer offered no such remedies. *Id. Haddix* cited only *Gonzales,* 183 S.W.3d at 94, in support of its decision regarding the plaintiff's section 451.001 claim. *See id.* For reasons already discussed, we do not follow *Gonzales.*

to school district employees do so in this case.

### 1. Contractual school district employees

Texas courts hold that contractual school district employees must exhaust administrative remedies found in the Education Code pursuant to either section 7.057(a)(2)(B) or the Term Contract Nonrenewal Act. *See Washington*, 932 S.W.2d at 688; *Caramanian v. Houston Indep. Sch. Dist.*, 829 S.W.2d 814, 816 (Tex.App.-Houston [14th Dist.] 1992, no writ); *Mitchison v. Houston Indep. Sch. Dist.*, 803 S.W.2d 769, 773 (Tex.App.-Houston [14th Dist.] 1991, writ denied); *Benavides Indep. Sch. Dist. v. Guerra*, 681 S.W.2d 246, 248 (Tex.App.-San Antonio 1984, writ ref'd n.r.e.).

The Term Contract Nonrenewal Act requires a teacher who is aggrieved by the nonrenewal of a term contract to exhaust administrative remedies before seeking redress in the courts. *See* Tex. Educ.Code Ann. § 21.209. "Teacher" is defined by the Education Code as "a superintendent, principal, supervisor, classroom teacher, counselor, or other full-time professional employee who is required to hold a certificate issued under [sections 21.031 to 21.060] or a nurse." *See id.* § 21.201(1). Section 7.057(a)(2)(B) requires any contractual employee not governed by the Term Contract Nonrenewal Act who suffers monetary harm due to breach of a written employment contract to exhaust administrative remedies before filing suit. *See id.* § 7.057(a)(2)(B), (e)(1) (Vernon 2006).

It is undisputed that Larsen was not a contractual employee. Therefore, neither section 7.057(a)(2)(B) nor the Term Contract Nonrenewal Act applies here to establish an exhaustion requirement.

### 2. Claims involving the "school laws of this state"

The Texas Legislature has granted the Commissioner of Education exclusive jurisdiction over certain claims involving the "school laws of this state," and over actions or decisions of any school district board that violate the "school laws of this state" or any provision of a written contract between the school district and a school district employee. *Id.* § 7.057(a); *Norman*, 274 S.W.3d at ·909; *Austin Indep. Sch. Dist. v. Lowery*, 212 S.W.3d 827, 831 (Tex.App.-Austin 2006, pet. denied). This grant of exclusive jurisdiction requires such claimants to exhaust local school district grievance procedures before filing suit. *Tex. Educ. Agency v. Cypress–Fairbanks Indep. Sch. Dist.*, 830 S.W.2d 88, 90 (Tex.1992); *Norman*, 274 S.W.3d at 909; *Lowery*, 212 S.W.3d at 831.

Under the Education Code, the "school laws of this state" comprise Titles 1 and 2 of the Code. Tex. Educ.Code Ann. § 7.057(f)(2); *Lowery*, 212 S.W.3d at 831. If a school district employee files a lawsuit that is not related to the "school laws of this state" and does not concern a written contract between the employee and the school district, then the employee need not exhaust administrative remedies by complying with the school district's grievance process. *See Norman*, 274 S.W.3d at 909; *Lowery*, 212 S.W.3d at 831–34.

Texas courts have held that the following matters involve the "school laws of this state:" (1) scheduling changes made in violation of the Education Code, *Hitchcock v. Bd. of Trs. Cypress–Fairbanks Indep. Sch. Dist.*, 232 S.W.3d 208, 213–14 (Tex.App.-Houston [1st Dist.] 2007, no pet.); (2) nonrenewal or breach of a school district employee's contract, *Gutierrez*, 139 S.W.3d at 366–67; (3) claims asserting violations of the Texas Open Meetings Act, *Harrison v. Neeley*, 229 S.W.3d 745, 746–47 (Tex.App.-

San Antonio 2007, pet. denied); and (4) disciplinary actions taken in violation of the Education Code, *Friona Indep. Sch. Dist. v. King,* 15 S.W.3d 653, 658 (Tex. App.-Amarillo 2000, no pet.).

Conversely, courts have held that the following matters do not involve the "school laws of this state:" (1) employment discrimination suits brought under the Texas Commission on Human Rights Act, *Lowery,* 212 S.W.3d at 832, and *Vela v. Waco Indep. Sch. Dist.,* 69 S.W.3d 695, 701–02 (Tex.App.-Waco 2002, pet. withdrawn); (2) a vendor's or independent contractor's claim for breach of contract, *Fort Worth Indep. Sch. Dist. v. Serv. Employment Redevelopment,* 243 S.W.3d 609, 610 (Tex.2007) (per curiam); and (3) claims brought against school district officials and employees in their individual capacities, *Jones v. Clarksville Indep. Sch. Dist.,* 46 S.W.3d 467, 475 (Tex.App.-Texarkana 2001, no pet.).

The Austin Court of Appeals has addressed an analogous issue involving whether employment discrimination claims involve the "school laws of this state." *Lowery,* 212 S.W.3d at 830–32. The plaintiff in *Lowery* was a bus driver hired by the Austin Independent School District in October 2002 who stated on her job application that she suffered from anxiety disorder. *Id.* at 829. After being forced to resign in October 2003, she sued and asserted that the school district discriminated against her because of her disability in violation of the Commission on Human Rights Act. *Id.* The school district asserted that the plaintiff failed to exhaust her administrative remedies, while the plaintiff contended that administrative remedies were not a jurisdictional prerequisite to a claim under the Commission on Human Rights Act. *Id.* at 830.

In *Lowery,* the Austin Court of Appeals cited section 7.057 of the Education Code and noted that it requires exhaustion of administrative remedies if a plaintiff's claim (1) concerns the administration of the "school laws of this state"; and (2) involves questions of fact. *Id.* at 831. Because the plaintiff was not a contractual employee, the court held that determining whether she was required to exhaust administrative remedies depended upon whether her claim involved the "school laws of this state." *Id.*

Lowery made no suggestion that she had been aggrieved under the "school laws of this state." *Id.* at 831. The school district failed to identify any provision in the Education Code addressing discrimination by an employer or permitting school districts to adopt workplace discrimination rules. *Id.* The school district cited several cases in support of its argument that school district employees must exhaust administrative remedies. *Id.* at 831–32. The Austin Court of Appeals noted that the circumstances of those cases predated the 1995 amendments to the Education Code, which narrowed the range of grievances over which the Commissioner of Education exercised jurisdiction. *Id.* at 832.

The court concluded that Lowery's employment discrimination claim did not concern the administration of the "school laws of this state" and therefore was not subject to an exhaustion requirement under the Education Code. *Id.* (citing *Vela,* 69 S.W.3d at 701–02).[12] The court pointed

---

12. *Vela* also involved a claim for discriminatory employment action brought under the Commission on Human Rights Act. 69 S.W.3d at 697. The court distinguished discriminatory employment action claims from contract termination and nonrenewal suits that require exhaustion. *Id.* at 700–01. *Vela* applied the general rule that a specific statute controls over a statute of more general application such as Texas Education Code section 11.13

out that workplace discrimination is governed by a separate body of federal and state law. *Id.* Bearing this in mind, the court determined that the general policy favoring local resolution of local concerns through local administrative remedies does not apply to concerns that are not uniquely local. *Id.* at 832–33. The court then held that the plaintiff did not need to exhaust the school district's administrative remedies before the courts could exercise jurisdiction over her statutory employment discrimination claim. *Id.* at 833.

*Lowery*'s reasoning applies with equal force here. The District does not suggest that Larsen's claim involves the "school laws of this state," and the District does not identify any provision in the Education Code addressing retaliatory discharge in connection with the filing of a workers' compensation claim. *See id.* at 831.[13] As in *Lowery*, the general policy favoring local resolution of local concerns through local administrative remedies does not apply here because retaliatory discharge is not a uniquely local concern. *See id.* at 832–33.

 We hold that Larsen's section 451.001 retaliatory discharge claim does not involve the "school laws of this state" because (1) his action does not focus on uniquely local concerns; (2) his action rests on a statute that is wholly independent from the Education Code; and (3) a school employee is not required to exhaust a school district's administrative remedies

"simply because [he] ... was employed by a school district." *See id.* at 831.

**D. Conclusion: Larsen Was Not Required to Exhaust Administrative Remedies**

No law establishes an exhaustion requirement in this case. Chapter 451 itself imposes no such requirement. *See Norman*, 274 S.W.3d at 909–12. Larsen's claim does not (1) concern a written employment contract between Larsen and the District; or (2) implicate the "school laws of this state." Therefore, exhaustion requirements under the Education Code do not apply. *See id.* at 908–09; *Lowery*, 212 S.W.3d at 831–33. Furthermore, the District identifies no "pervasive regulatory scheme" addressing retaliatory discharge claims that might indicate an intent to confer exclusive jurisdiction over Larsen's claim upon the District. *See Duenez*, 288 S.W.3d at 909. We do not follow *Davis* and *Gonzales* because they attribute an exhaustion requirement to *Van Independent School District* and *Wilmer–Hutchins Independent School District* that the Texas Supreme Court did not impose in those cases. *Compare Davis*, 259 S.W.3d at 283, and *Gonzales*, 183 S.W.3d at 107–08, *with Van Indep. Sch. Dist.*, 165 S.W.3d at 353 n. 8, *and Wilmer–Hutchins Indep. Sch. Dist.*, 51 S.W.3d at 294.

We hold that the trial court properly exercised subject matter jurisdiction over Larsen's section 451.001 claim because he was not required to exhaust the District's

---

(now section 7.057). *Id.* at 701. The court then held that the Commission on Human Rights Act's provisions requiring exhaustion of administrative remedies described in the statute itself trumped the Education Code and made it unnecessary for the plaintiff to exhaust the school district's remedies; thus, the Commission on Human Rights Act requires only exhaustion of the administrative remedies outlined within the Act itself. *Id.* at 701–02.

**13.** Also, the District cannot identify any "pervasive regulatory scheme" addressing retaliatory discharge in connection with the filing of a workers' compensation claim as an indication that the Texas Legislature intended to confer upon school districts exclusive jurisdiction over such claims by school district employees. *See Duenez*, 288 S.W.3d at 909.

administrative remedies before filing suit. *See Norman,* 274 S.W.3d at 911–12; *Lowery,* 212 S.W.3d at 831–34; *Mancera,* 2005 WL 542793, at *4–*5. Accordingly, we now turn to the merits of Larsen's claim.

## II. Summary Judgment on the Merits

We review the trial court's grant of summary judgment *de novo. Joe v. Two Thirty Nine Joint Venture,* 145 S.W.3d 150, 156 (Tex.2004). A traditional summary judgment may be granted if the motion and summary judgment evidence establish there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c). Summary judgment for a defendant is proper when the defendant negates at least one element of each of the plaintiff's theories of recovery, or pleads and conclusively establishes each element of an affirmative defense. *Sci. Spectrum, Inc. v. Martinez,* 941 S.W.2d 910, 911 (Tex.1997).

An employer who terminates an employee pursuant to the uniform enforcement of a reasonable absence control provision does not violate section 451.001. *See Haggar Clothing Co. v. Hernandez,* 164 S.W.3d 386, 388 (Tex.2005) (per curiam); *Cont'l Coffee Prods. Co. v. Cazarez,* 937 S.W.2d 444, 451 (Tex.1996); *Tex. Div.-Tranter, Inc. v. Carrozza,* 876 S.W.2d 312, 313 (Tex.1994) (per curiam). To establish that a reasonable absence control policy was not uniformly enforced, a terminated employee must provide competent evidence that he was similarly situated to other employees who received preferential treatment under the policy. *See Hernandez,* 164 S.W.3d at 388–89.

The District asserts that it terminated Larsen pursuant to a uniformly enforced and reasonable absence control policy. *See Hernandez,* 164 S.W.3d at 388; *Cazarez,* 937 S.W.2d at 450; *Carrozza,* 876 S.W.2d at 313. The District offered the following evidence to establish its entitlement to summary judgment: (1) a copy of the Policy; (2) Boone's affidavit describing the Policy and stating that it is applied uniformly to all District employees; (3) Boone's affidavit evidence that Larsen was terminated in accordance with the Policy because Larsen had exhausted all available leave and was unable to return to work; (4) Whittemore's January 23, 2006 letter stating that Larsen was being terminated because he had exhausted all available leave and was unable to return to work; (5) Whittemore's affidavit evidence that he terminated Larsen because Larsen had exhausted all available leave and was unable to return to work; and (6) Whittemore's deposition testimony that he treated Larsen as he would have treated any other employee under similar circumstances, and that Larsen's termination "was in no way related to Mr. Larsen's filing of a workers' compensation claim or his receipt of benefits."

According to Larsen, the District did not apply the Policy to Officer Brandy Wyers in the same manner that it applied the Policy to him. Larsen points to the following evidence: (1) Gerami's deposition testimony that Wyers had absenteeism and personal leave problems during her first three years with the District, and that Gerami recommended her termination to Whittemore; (2) Gerami's deposition testimony that Whittemore told him to "work with" Wyers concerning her absence and personal leave problems rather than terminating her; (3) Gerami's deposition testimony that Wyers's absenteeism and personal leave issues had not "been taken care of to [his] satisfaction"; (4) Gerami's deposition testimony that Wyers was on maternity leave and was still employed by the District; (5) a memo written from Gerami to Wyers regarding her failure to follow proper procedure for calling in sick

on August 24, 2006; (6) an e-mail from Wyers to Gerami requesting personal leave for a cruise in October 2005; (7) deposition testimony from District Benefits Specialist Linda Leuschen that she sent Wyers a letter informing her that she was on FMLA leave, but did not send Larsen such a letter; (8) Wyers's deposition testimony that she was placed on a part-time schedule leading up to her maternity leave; and (9) deposition testimony from Wyers and affidavit evidence from former Officer Matt Wentzel that they believed Larsen was treated differently than Wyers.

██ Wyers's and Wentzel's conclusory assertions about their subjective beliefs do not constitute competent summary judgment evidence. *See Cazarez*, 937 S.W.2d at 452; *Carrozza*, 876 S.W.2d at 314. An employee's subjective assertions are mere conclusions and do not raise a fact issue precluding summary judgment in a retaliatory discharge action. *See Cazarez*, 937 S.W.2d at 452; *Carrozza*, 876 S.W.2d at 314; *see also Brownlee v. Brownlee*, 665 S.W.2d 111, 112 (Tex.1984) ("Affidavits consisting only of conclusions are insufficient to raise an issue of fact"); *Hidalgo v. Sur. Sav. & Loan Ass'n*, 487 S.W.2d 702, 703 (Tex.1972) (per curiam) ("conclusions are not competent evidence").

Larsen's evidence fails to establish that Wyers was similarly situated in that she too exhausted all of her available leave time and failed to return to work, but nonetheless was allowed to keep her job. *See Hernandez*, 164 S.W.3d at 388–89. The record establishes at most that Wyers had absenteeism and personal leave problems related to (1) her failure to properly document her tardiness or absence from work; (2) her failure to follow proper procedure when calling in sick to work; and (3) her prospective request for an additional personal leave day beyond those already accrued. The record contains no evidence that Wyers failed to return to work after exhausting all of her available sick and personal leave time, and nonetheless was allowed to keep her job. Because Larsen failed to establish that the Policy was enforced differently with regard to a similarly situated employee, he did not controvert the District's evidence establishing its entitlement to summary judgment. *See Carrozza*, 876 S.W.2d at 313–14.

We overrule Larsen's issue regarding the propriety of the trial court's grant of summary judgment.

### Conclusion

The trial court's judgment is affirmed.