# NO. 12-14-00155-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BRENDA BREWER, DEANNA MEADOR, PENNY ADAMS, AND SABRA CURRY, APPELLANTS* | § | *APPEAL FROM THE 3RD* |
| | § | *JUDICIAL DISTRICT COURT* |
| *V.* | | |
| *LOWE'S HOME CENTERS, INC., APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Brenda Brewer, Deanna Meador, Penny Adams, and Sabra Curry (collectively Claimants) appeal the granting of a directed verdict against them. They present two issues on appeal alleging they presented sufficient evidence of causation and the employer's stated reason for discharge was false. We affirm.

### BACKGROUND

Brewer, Meador, Adams, and Curry were each employees at the Lowe's Home Centers, Inc.'s Palestine, Texas store. Each claimant suffered an on-the-job injury while working for Lowe's and made a corresponding worker's compensation claim. Following their injuries, each claimant took an extended personal leave of absence. Each claimant was terminated pursuant to Lowe's personal leave policy when her leave extended beyond the number of days permitted by the policy.

Claimants sued, alleging Lowe's retaliated or discriminated against them for having filed worker's compensation claims. Lowe's responded that each claimant was terminated pursuant to the uniform application of the personal leave policy. Following the presentation of Claimants' evidence, the trial court granted Lowe's motion for directed verdict. The trial court found that

Claimants presented no evidence of causation and no evidence to rebut Lowe's contention that it had a legitimate reason for discharge. This appeal followed.

## RETALIATORY DISCHARGE

In both of their issues, Claimants allege the trial court erred when it granted Lowe's motion for directed verdict. In their first issue, they assert the evidence raises a fact issue regarding causation. In their second issue, they argue that Lowe's personal leave of absence policy was a false pretext for their terminations.

### Standard of Review

A court reviewing the granting of a directed verdict must determine whether there is more than a scintilla of evidence to raise a fact issue on the challenged elements. *Coastal Transp. Co. v. Crown Cent. Petroleum Corp.*, 136 S.W.3d 227, 233-34 (Tex. 2004). The court must consider all of the evidence in a light most favorable to the party against whom the verdict was directed and disregard all contrary evidence and inferences. *Id.* at 233. If the evidence supporting a finding rises to a level that would enable reasonable, fair-minded persons to differ in their conclusions, it constitutes more than a scintilla of evidence. *Id.* at 234. However, where no evidence of probative force on an ultimate fact element exists or where the probative force of evidence is so weak that only a mere surmise or suspicion is raised as to the existence of essential facts, the trial court has the duty to direct the verdict. *Id.*

### Governing Law

A directed verdict is proper when (1) a defect in the opponent's pleadings makes them insufficient to support a judgment; (2) the evidence conclusively proves a fact that establishes a party's right to judgment as a matter of law; or (3) the evidence offered on a cause of action is insufficient to raise an issue of fact. TEX. R. CIV. P. 268. Generally, a directed verdict in favor of a defendant may be proper in two situations: (1) when a plaintiff does not present evidence "raising a fact issue essential to the plaintiff's right of recovery"; and (2) when a plaintiff "admits or the evidence conclusively establishes a defense to the plaintiff's cause of action." *Prudential Ins. Co. v. Fin. Review Servs.*, 29 S.W.3d 74, 77 (Tex. 2000).

The labor code provides that a person may not discharge or discriminate against an employee because the employee has (1) filed a worker's compensation claim in good faith; (2) hired a lawyer to represent the employee in a claim; or (3) instituted or caused to be instituted in

good faith a worker's compensation proceeding. TEX. LAB. CODE ANN. § 451.001(1)-(3) (West 2006). To prove a retaliatory discharge claim, the employee must show that the employer's action would not have occurred when it did but for the filing of the worker's compensation claim. *Cont'l Coffee Prods. Co. v. Cazarez*, 937 S.W.2d 444, 450 (Tex. 1996). However, uniform enforcement of a reasonable absence control policy does not constitute retaliatory discharge. *See* *Tex. Div.-Tranter, Inc. v. Carrozza*, 876 S.W.2d 312, 313 (Tex. 1994) (per curiam). An employer who terminates an employee for violating such a policy cannot be liable for retaliatory discharge as long as the policy is uniformly enforced. *Cont'l Coffee*, 937 S.W.2d at 451. If an employer's termination is required by the uniform enforcement of a reasonable absentee policy, it cannot be the case that termination would not have occurred when it did but for the employee's assertion of a compensation claim or other conduct protected by section 451.001. *Id.*

To establish that a reasonable absence control policy was not uniformly enforced, a terminated employee must provide competent evidence that she was similarly situated to other employees who received preferential treatment under the policy. *Larsen v. Santa Fe Indep. Sch. Dist.*, 296 S.W.3d 118, 131 (Tex. App.—Houston [14th Dist.] 2009, pet. denied). Circumstantial evidence of causation is immaterial if the claimants' terminations were required by the uniform enforcement of the personal leave policy. *Haggar Clothing Co. v. Hernandez*, 164 S.W.3d 386, 388 (Tex. 2005).

**Analysis**

Claimants alleged that after their respective injuries, the store's management forced each of them to perform work that violated their doctors' light-duty restrictions. This, they contended, was an attempt to force them to quit or take additional medical leave. When they went on leave, Claimants asserted, Lowe's improperly classified the leave as personal leave to trigger their termination under the personal leave policy.

According to Lowe's personal leave policy, "Employees who cannot return to work within 240 days of any leave, or combination of leaves, will be terminated, except where prohibited by law."[1] The evidence shows that Lowe's home office in North Carolina determines whether or when an employee has exceeded the allowable time for leave, and a computer at the

---

[1] Pursuant to the personal leave policy in effect at the time Brewer, Curry, and Adams were terminated, the maximum amount of leave permitted was 240 days. Prior to Meador's termination, the policy was revised to extend the maximum amount of leave to 365 days.

3

home office automatically generates any termination letter arising as a result of the absence control policy. Lowe's store's management is not involved in the decision to terminate an employee for exceeding the allowable leave. Each of the claimants received one of these computer-generated letters terminating her employment.

Claimants failed to provide any evidence of the personal leave policy's being applied differently to a similarly situated employee. *See **Larsen***, 296 S.W.3d at 131. Therefore, they failed to show that Lowe's personal leave policy was not uniformly enforced. Claimants argued, however, that the policy was not followed and implicitly assert that noncompliance is sufficient to show retaliatory discharge. But even if we assume that Claimants' implicit argument is a correct statement of the law, we cannot conclude that they have shown Lowe's failed to follow the policy.

Claimants contended the personal leave policy required that their personnel files contain forms or computer screen shots showing an election for personal leave, as well as leave of absence checklists and warning letters when they were nearing the limit of allowable leave. However, Claimants brought forth no evidence that these items were required to be placed in their personnel files. In fact, the only evidence relevant to this issue is that the forms were recommended and not required. Claimants also contend they were each misclassified as being on personal leave when they should have been on limitless worker's compensation leave. But there is no evidence supporting this assertion. Each claimant admitted that she was not paid worker's compensation benefits while she was on leave. In addition, none of the claimants disputes the date she went on leave, that she could not return to work, or that she exceeded the number of days allowed under the personal leave policy.

In sum, Claimants failed to show that Lowe's personal leave policy was not uniformly enforced. *See **Larsen***, 296 S.W.3d at 131. Consequently, they have not shown that the policy was a false pretext for their terminations. *See **Cont'l Coffee***, 937 S.W.2d at 451. Therefore, we hold that the trial court did not err in granting Lowe's motion for directed verdict. Claimants' second issue is overruled. Because we have overruled Claimants' second issue, we need not address their first issue regarding causation. *See **Hernandez***, 164 S.W.3d at 388.

## DISPOSITION

Having overruled Claimants' second issue, we ***affirm*** the trial court's judgment.

<u>**GREG NEELEY**</u>
Justice

Opinion delivered October 14, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**OCTOBER 14, 2015**

**NO. 12-14-00155-CV**

**BRENDA BREWER, DEANNA MEADOR, PENNY ADAMS AND SABRA CURRY,**
Appellants
V.
**LOWE'S HOME CENTERS, INC.,**
Appellee

---

Appeal from the 3rd District Court
of Anderson County, Texas (Tr.Ct.No. 3-41083)

---

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the Appellants, **BRENDA BREWER, DEANNA MEADOR, PENNY ADAMS AND SABRA CURRY,** for which execution may issue, and that this decision be certified to the court below for observance.

Greg Neeley, Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*