NUMBER 13-12-00581-CV



# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

| | |
|---|---|
| **WESLACO INDEPENDENT SCHOOL DISTRICT AND RICHARD RIVERA,** | **Appellants,** |
| **v.** | |
| **ADAN PEREZ JR.,** | **Appellee.** |

### On appeal from the 332nd District Court of Hidalgo County, Texas.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides and Longoria
### Memorandum Opinion by Justice Benavides

By four issues, which we reorganize as one issue with four sub-issues, appellants, Weslaco Independent School District (the District) and Richard Rivera appeal

the trial court's denial of their plea to the jurisdiction. We reverse and render, in part, and remand, in part.

## I.    BACKGROUND

From 2004 until June 2010, appellee Adan Perez Jr. was employed as the District's risk manager. In this position, Perez oversaw the District's employee benefit plans, including the school district's self-funded workers' compensation fund and health insurance program. In June 2010, Perez's employment with the District was terminated. In March 2011, Perez filed suit against WISD and Rivera, the District's superintendent.

By his live petition,[1] Perez alleged that in early 2009, he became of aware of the District's purported desire and action to withdraw funds from the District's self-funded insurance programs "for the specific purpose of beginning construction of a new 'Press Box' at [the District's] football stadium." Perez asserted in his petition that he was "rebuked" when he informed the District's chief financial officer that such withdrawal of funds was illegal. Perez further asserted that he made several attempts to meet with Rivera about the issue, but "was denied access" to him. Perez alleges that he continued to present his complaints to his supervisor, as well as "other administrators and members of [the District's] Board of Trustees." According to Perez's petition, the District and Rivera sought to "silence" him and put a plan in place to terminate his employment.

Perez's lawsuit against the District and Rivera asserted various causes of action

---

[1] Perez initially filed suit in Hidalgo County district court. The District then filed a notice of removal to the United States District Court for the Southern District of Texas, McAllen Division. *See* 28 U.S.C.A. § 1446 (2013). Perez subsequently amended his complaint and the cause was remanded back to Hidalgo County district court.

including: (1) breach of contract; (2) breach of Perez's right of reasonable expectation to renewal of his contract; (3) violations of the Texas Whistleblower Act, *see* TEX. GOV'T CODE ANN. § 554.002 (West 2004), by the District and Rivera, in his individual capacity; (4) constitutional violations of due course of law rights, equal protection rights, and free speech under the Texas Constitution; and (5) common-law retaliation. Perez sought actual, exemplary, and statutory damages, attorney's fees, pre- and post-judgment interests, costs, and any other relief in law and in equity.

The District filed a plea to the jurisdiction asserting that the trial court lacked jurisdiction over Perez's claims of (1) breach of contract; (2) breach of right of reasonable expectation to renew his contract, (3) constitutional violations for damages, and (4) retaliation.[2] The trial court held a hearing and denied the District's plea. This interlocutory appeal ensued. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West Supp. 2011).

## II. PLEA TO THE JURISDICTION

By their single issue with four sub-issues, appellants assert that the trial court erred by denying their plea to the jurisdiction.

### A. Standard of Review

A plea to the jurisdiction challenges a trial court's subject matter jurisdiction. *City of Dallas v. Carbajal*, 324 S.W.3d 537, 538 (Tex. 2010) (per curiam). Whether a court has subject matter jurisdiction is a question of law that we review de novo. *Id.*

---

[2] The District also filed a motion to dismiss pursuant to section 101.106(e) of the civil practice and remedies code, which the trial court denied, and the District appealed. We address those issues in a companion appeal under Cause Number 13-12-590-CV.

When a plea to the jurisdiction challenges the pleadings, we determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004) (citing *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993)). We construe the pleadings liberally in favor of the plaintiff and look to the pleaders' intent. *Miranda*, 133 S.W.3d at 226. If the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction but do not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be afforded an opportunity to amend. *Id.* However, if the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. *Id.* (citing *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002)). Even a failure to allege sufficient facts to demonstrate jurisdiction does not necessarily authorize immediate dismissal. *City of Austin v. L.S. Ranch, Ltd.,* 970 S.W.2d 750, 753 (Tex. App.—Austin 1998, no pet.). It is only where the court can see that, even by amendment, no cause of action can be stated consistent with the facts alleged that the court is without jurisdiction. *Bybee v. Fireman's Fund Ins. Co.*, 331 S.W.2d 910, 917 (Tex. 1960) (quoting *Lone Star Fin. Corp. v. Davis,* 77 S.W.2d 711, 715 (Tex.Civ.App.-Eastland 1934, no writ); *see also Chambers v. City of Austin*, No. 03-00-00595-CV, 2001 WL 726372, at *2 (Tex. App.—Austin June 29, 2001, no pet.).

If the plea challenges the existence of jurisdictional facts, we consider relevant evidence submitted by the parties when necessary to resolve the jurisdictional issue

raised, as the trial court is required to do so. *Bland Ind. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000). In a case in which the jurisdictional challenge implicates the merits of the plaintiff's cause of action and the plea to the jurisdiction includes evidence, the trial court reviews the relevant evidence to determine if a fact issue exists. *Miranda*, 133 S.W.3d at 227. If a fact question exists, then the plea cannot be granted and the fact issue will be resolved by the fact finder. *Id.* However, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, the trial court rules on the plea to the jurisdiction as a matter of law. *Id.*

### B. Discussion

### 1. State Constitutional Claims for Damages

Appellants first argue that Perez failed to allege a cognizable cause of action for violations of the Texas Constitution. We agree to the extent that Perez seeks damages for these purported violations. In his petition, Perez specifically identifies violations under the Texas Constitution of his "Due Course of Law rights," "Equal Protection rights" and "rights of free speech . . . concerning expression of matters of public concern." Additionally, Perez pleads for actual damages, exemplary damages, statutory damages, attorney's fees, interest, costs, and other relief in law and in equity. Case law is clear that Texas does not recognize a common law cause of action for damages to enforce constitutional rights. *City of Beaumont v. Bouillion*, 896 S.W.2d 143, 150 (Tex. 1995). However, suits for equitable remedies for violation of constitutional rights are not prohibited. *Id.* at 149. Accordingly, we conclude that the trial court lacks jurisdiction to hear any causes of action in this case for damages to enforce constitutional rights.

5

### 2. Common Law Retaliation Claim

Next, appellants argue, by their second sub-issue, that Perez alleged a common law cause of action for retaliation that is not recognized in Texas. *See Austin v. HealthTrust, Inc.—The Hosp. Co.*, 967 S.W.2d 400, 401 (Tex. 1998) (holding that Texas does not recognize a common law action for retaliatory discharge for whistleblowers). Perez does not dispute this assertion. Therefore, we hold that the trial court erred in denying appellants' plea to the jurisdiction on Perez's common law cause of action for retaliation. *See Bybee*, 331 S.W.2d at 917; *see also Chambers*, 2001 WL 726372, at *2.

### 3. Breach of Contract

In their third sub-issue, appellants contend that the trial court lacks jurisdiction to hear Perez's breach of contract claim as a result of his termination as an employee of the District because Perez failed to exhaust his administrative remedies for these claims under the Texas Education Code Section 7.057(a)(2)(B). TEX. EDUC. CODE ANN. § 7.057(a)(2)(B) (West Supp. 2011). We agree.

### a. Exclusive Jurisdiction

An agency has exclusive jurisdiction when the Legislature has granted that agency the sole authority to make an initial determination in a dispute. *Subaru of Am. v. David McDavid Nissan,* 84 S.W.3d 212, 221 (Tex. 2002). If an agency has exclusive jurisdiction, a party must exhaust all administrative remedies before seeking judicial review of the agency's action. *Cash Am. Int'l, Inc. v. Bennett*, 35 S.W.3d 12, 15 (Tex. 2000). Until a party has exhausted all administrative remedies, the trial court lacks

subject matter jurisdiction and must dismiss any claim that is within the agency's exclusive jurisdiction. *David McDavid Nissan, Inc.*, 84 S.W.3d at 221 (citing *Tex. Educ. Agency v. Cypress-Fairbanks I.S.D.*, 830 S.W.2d 88, 90 (Tex. 1992)). Because such a dismissal does not implicate the claims' merits, the trial court must dismiss the claims without prejudice. *David McDavid Nissan*, 84 S.W.3d at 221. We review questions of exclusive jurisdiction de novo. *Id.* at 222.

Under the education code, the Commissioner of Education has exclusive jurisdiction over certain claims involving the "school laws" of the state, including nonrenewal or breach of a school district employee's contract. *See Larsen v. Santa Fe Ind. Sch. Dist.*, 296 S.W.3d 118, 128 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) (citing *Gutierrez v. Laredo Ind. Sch. Dist.*, 139 S.W.3d 363, 366 (Tex. App.—San Antonio, no pet.)); *see also* TEX. EDUC. CODE ANN. § 7.057(a)(2)(B) (giving the Commissioner of Education exclusive jurisdiction over an appeal involving "provision of a written employment contract between the school district and a school district employee, if a violation causes or would cause monetary harm to the employee"). This grant of exclusive jurisdiction requires such claimants to exhaust local school district grievance procedures before filing suit. *Larsen*, 296 S.W.3d at 128.

### b. District's Local Policy

The record shows that Perez's contract with the District was for a non-educator under local policy DCE (Legal). DCE (Legal) provides that "[a]n employee whose contract is not reissued at the end of the contract period may appeal to the [School Board] in accordance with DGBA (Local)." DGBA (Local) outlines specific procedures

7

for redress of employee complaints or grievances, including: first, informal conferences with the employee's supervisor, principal, or other appropriate administrator; and second, if an informal resolution is not reached, a formal process.

According to DGBA (Local), the first stage of the formal process is known as "Level One." Under this level, a complaint form must be filed within fifteen days of the date the employee first knew, or with reasonable diligence should have known, of the decision or action giving rise to the complaint or grievance. After an investigation, the Level One hearing officer shall investigate and hold a conference with the employee within ten days after receiving the written complaint and shall provide the employee with a written response within ten days of the conference that sets forth the hearing officer's decision.

Under DGBA (Local), if the employee did not receive the relief requested at Level One or if the time for a response has expired, the employee may request a conference with the superintendent or designee to appeal the Level One decision under "Level Two." The appeal notice under Level Two must be filed in writing and within ten days of the Level One response. A conference must be held within ten days of filing a Level Two appeal notice, and a written decision must be made by the superintendent within ten days following the conference.

Under DGBA (Local), if the employee did not receive the relief requested at Level Two or if the time for a response has expired, the employee may appeal the decision to the District's board of trustees. A Level Three hearing is then conducted at a board meeting at which the complaint will be on the agenda for presentation to the board.

8

After consideration, the board may then make a decision and give notice of it orally or in writing at any time up to and including the next regularly scheduled board meeting. If the board does not make a decision, the lack of response upholds the Level Two decision.

### c. Perez's Claims

Because Perez's breach of contract claim concerns a non-renewal of employment, we conclude that DGBA (Local) applies. Perez alleges that his employment with the District terminated in June 2010, and the record shows that he filed a Level One employee complaint form with the District on July 20, 2010, pursuant to DGBA (Local)'s Level One procedures. The record then shows that in October 2010, the District delayed setting a Level One grievance conference with Perez, scheduled one for November 1, 2010, but then rescheduled the conference to December 1, 2010.

After the Level One conference, the District's Level One hearing officer and deputy superintendent, Ruben Alejandro, mailed a written response to Perez denying all of Perez's requested remedies and advised Perez of the procedures to file a DGBA (Local) Level Two grievance. There is no evidence in the record that Perez filed a Level Two or Level Three grievance pursuant to DGBA (Local) or appealed the District's board decision to the Commissioner of Education prior to the filing of the instant suit in March 2011.

Therefore, we conclude that the trial court lacked jurisdiction to hear Perez's breach of contract claim because Perez did not exhaust his administrative remedies pursuant to the District's local grievance policy and Texas Education Code. As a result,

9

the trial court erred by denying the District's plea to the jurisdiction on this cause of action. *See David McDavid Nissan*, 84 S.W.3d at 221.

### 4. Reasonable Expectation of Contract Renewal

Finally, in their fourth sub-issue, appellants argue that: (1) Perez insufficiently establishes a breach of his right of reasonable expectation to renew his contract because he cannot prove a property interest in continued employment; and (2) even if he did have a claim, appellants are immune.

We take appellants' first argument as a challenge to Perez's pleadings. Thus, we review whether Perez has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Miranda*, 133 S.W.3d at 226. Perez's pleading alleges that his contract with the District was not renewed in June 2010 after a bad employee review in 2010, despite five years of prior "exemplary" reviews. As a result, Perez alleges that appellants breached his right of reasonable expectation to renew his contract. After liberally construing Perez's pleadings in his favor and looking to his intent, we conclude that the pleadings do not contain sufficient facts to affirmatively demonstrate the trial court's jurisdiction, but also do not affirmatively demonstrate incurable defects in jurisdiction. Therefore, Perez should be afforded an opportunity to amend his pleadings solely to this cause of action. *Id.*

Accordingly, we sustain appellants' sub-issues one, two, and three and overrule sub-issue four.

### III.    CONCLUSION

We reverse the trial court's denial of appellants' plea to the jurisdiction and render judgment that (1) Perez's constitutional claims for damages and common-law retaliation claim is dismissed with prejudice and (2) Perez's breach of contract claim is dismissed without prejudice.    We remand Perez's claim for breach of his right of reasonable expectation to renew his contract because this pleading defect is one for which he should be afforded an opportunity to amend.

_____
GINA M. BENAVIDES,
Justice

Delivered and filed the
25th day of July, 2013.

11