**Affirmed and Majority and Dissenting Opinions filed January 29, 2015.**



In The

# Fourteenth Court of Appeals

## NO. 14-13-00969-CV

### ANN ROSENBERG, Appellant

### V.

### KIPP, INC., Appellee

**On Appeal from the 190th District Court
Harris County, Texas
Trial Court Cause No. 2012-23965**

## MAJORITY OPINION

In two issues, appellant, Ann Rosenberg, challenges the trial court's order granting the Plea to the Jurisdiction, and Alternatively, Traditional and No-Evidence Motions for Summary Judgment filed by KIPP, Inc. We affirm.

### I. BACKGROUND

Rosenberg is a math teacher with approximately thirty years of experience in New Orleans, Louisiana. She moved to Houston after Hurricane Katrina. Rosenberg's

first teaching position in Houston was as a math teacher at Episcopal High School from 2008 to 2009. In March 2009, Episcopal notified Rosenberg her employment would not continue for the 2009-2010 academic year because she was "not a good fit" for the school.

One month later, Rosenberg accepted a position as a math teacher with KIPP,[1] an open-enrollment charter school. Rosenberg's academic year at KIPP Houston High School ("KHHS") began in August 2009. Rosenberg was KHHS' only advanced placement ("AP") calculus teacher. She reported to Kenneth Estrella, KHHS' School Leader, and to Sharron Burnett, the Dean of Instruction. One of Rosenberg's responsibilities was to prepare students to take the nationwide AP calculus standardized exam. For the 2009-2010 academic year, only one of Rosenberg's students passed the exam.

In May 2010, Estrella asked Rosenberg to teach again at KHHS, and he gave her an overall good performance evaluation. Rosenberg requested that Estrella and Burnett offer a "non-AP" calculus class for the 2010-2011 academic year. KIPP elected to offer the non-AP calculus class which Rosenberg proposed, but due to Texas Education Agency rules, it was not one in which students could earn college level credit.

Two months later, KIPP hired Paul Castro to become its new Head of Schools for High Schools—Castro would supervise all of KIPP's high school campuses, including KHHS. Estrella and Burnett reported to Castro. In his role, Castro observed Rosenberg's classroom, with the first observation taking place during the first week of the 2010-2011 academic year. Castro's initial impression was that Rosenberg's performance was not at the level he expected of KIPP's program. Castro instructed Estrella, as school leader, to speak with Rosenberg about how to improve her skills.

---

[1] "KIPP" is an acronym for "Knowledge is Power Program." KIPP is created under Tex. Education Code Chapter 12.

Castro also addressed the entire math team, advising them he expected improved performance. After observing Rosenberg later in the fall, Castro again believed Rosenberg was not teaching to KHHS standards and she was not preparing students to be successful on the AP calculus exam. Castro asked Estrella to work with Rosenberg to improve her performance; however, as the academic year progressed, he did not see improved instruction.

In February 2011, Castro decided he was not inviting Rosenberg to teach for the upcoming year, and he instructed Estrella to advise Rosenberg. Estrella communicated to Castro that he agreed with Castro's decision. Estrella informed Rosenberg she would not be invited to return and offered her the option of resigning earlier than the effective date of the non-renewal of her position, the end of the academic year in May 2012 (which was August 2012).

The next month, Rosenberg sent an email to Charles Fimble, KIPP's Human Resources Director, stating she had not been invited back to KIPP, and asking about her last paycheck, insurance coverage, and other matters. Rosenberg also stated "Mr. Castro does not like me. . . ." Fimble responded, suggesting Rosenberg make an appointment to speak with Castro; however, Rosenberg did not do so. Less than a week later, Rosenberg directed another email to Fimble:

> Dear Mr. Fimble, AGE, Experience, salary ???? …. but certainly not poor teaching! I really care about my students! Are there any procedures in place that should have been followed before I am dismissed on the whim of one man? Is there a procedure in place for protesting this?

Fimble replied he would be in a better position to help with her questions after she received written notification of her termination and after she contacted Castro to discuss her concerns.

Estrella conducted Rosenberg's last evaluation in April 2011. While there were many areas of good performance, and the overall rating was good, there were some

3

areas where Estrella noted less than satisfactory performance. Upon receipt of the evaluation, Rosenberg submitted her letter of resignation, effective at the end of the 2010-2011 academic year.

Approximately one week later, Rosenberg received an email from Peter Unger, the KIPP employee responsible for course scheduling. The email, sent to over twenty-five KHHS administrators and staff, contained the proposed course schedules for the 2011-2012 academic year. The proposed schedule did not include the non-AP calculus class Rosenberg had proposed. Rosenberg responded to all addressees with an email which Castro, Aaron Brenner, and Lara Knight[2] considered unprofessional and contrary to KIPP values. KIPP terminated Rosenberg's employment, effective May 17, 2011, rather than the effective date of her resignation, August 2011, the end of the 2010-2011 academic year.

Rosenberg filed suit in April 2012. Her amended petition alleged only a claim of age discrimination. KIPP filed its plea to the jurisdiction and, alternatively, traditional and no-evidence motions for summary judgment challenging whether Rosenberg had established the existence of jurisdictional facts, and it objected to Rosenberg's summary judgment evidence. The trial court granted KIPP's objections to the summary judgment evidence and its plea to the jurisdiction and, alternatively, motions for summary judgment.

## II. ANALYSIS

In two issues, Rosenberg challenges whether the trial court had jurisdiction under the Texas Commission on Human Rights Act ("TCHRA") and whether there were genuine issues of fact regarding her age-discrimination claim.

### A.    Standard of Review

---

[2] Brenner was KIPP's Head of Schools for Southwest Feeder Pattern and Primary Schools, and Knight was in training to be the KHHS School Leader for the 2011-2012 academic year.

4

A plea to the jurisdiction challenges the trial court's subject matter jurisdiction. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). A trial court's review of a plea to the jurisdiction challenging the existence of jurisdictional facts mirrors that of a matter-of-law motion for summary judgment. *KIPP, Inc. v. Whitehead*, 446 S.W.3d 99, 105 (Tex.App.—Houston [1st Dist.] 2013, pet. filed) (citing *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex. 2012) ("*Garcia II*")). "A trial court must grant a plea to the jurisdiction . . . when the pleadings do not state a cause of action upon which the trial court has jurisdiction." *Harris County v. Sykes*, 136 S.W.3d 635, 639 (Tex. 2004). Whether a court has jurisdiction is a question of law which we review *de novo*. *State v. Holland*, 221 S.W.3d 639, 642 (Tex. 2007).

In reviewing an order on a plea to the jurisdiction, we consider the pleadings and evidence relevant to the issue of jurisdiction, as well as evidence tending to negate the existence of jurisdiction. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226–28 (Tex. 2004). The plaintiff bears the burden of pleading specific allegations of fact which affirmatively demonstrate the trial court's jurisdiction to hear the case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993); *see also Miranda*, 133 S.W.3d at 226.

If the evidence creates a fact question on jurisdiction, the trial court must deny the plea. If the evidence is undisputed or if the plaintiff fails to raise a fact question as to jurisdiction, the trial court rules on the plea to the jurisdiction as a matter of law. *KIPP*, 446 S.W.3d at 105 (citing *Garcia II*, 372 S.W.3d at 635); *see also Fort Bend Indep. Sch. Dist. v. Williams*, No. 01-13-00052-CV, 2013 WL 4779693, at *3, n. 4 (Tex.App.— Houston [1st Dist.] Sept. 5, 2013, no pet.) (mem. op.) (holding only the *prima facie* elements of the plaintiff's case are jurisdictional); *see also Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 476 (Tex. 2001); *Harris County Flood Control Dist. v. Great American Ins. Co.*, 359 S.W.3d 736, 742 (Tex. App.—Houston [14th Dist.] 2011, pet.

denied) (citing *Miranda*, 133 S.W.3d at 226–28). But, if the relevant evidence is undisputed or fails to raise a fact question on the jurisdictional issue, then the court rules on the plea to the jurisdiction as a matter of law. *Id.* In reviewing the plea, we do not consider the merits of the case. *County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002).

Our review is focused on the propriety of the trial court's ruling on KIPP's plea to the jurisdiction.

## B.    Waiver of Immunity

The Texas Legislature has provided a limited waiver of governmental immunity for employment discrimination claims under Chapter 21 of the Texas Labor Code. *See* Tex. Lab. Code Ann. §§ 21.051(1) (West 2006). Immunity is waived only for those suits in which the plaintiff actually alleges a violation of Chapter 21 by pleading facts that state a claim thereunder. *Mission Consol. Indep. School Dist. v. Garcia*, 372 S.W.3d 629 (Tex. 2012).[3] Failure to establish a *prima facie* case deprives Rosenberg of the presumption of discrimination and deprives the court of jurisdiction. Tex. Labor Code Ann. § 21.254 (defining "complainant" as "an individual who brings an action or proceeding under this chapter."); *see also Garcia II*, 372 S.W.3d at 637; *State v. Lueck*, 290 S.W.3d 876, 880, 880–82 (Tex. 2009) (holding statutory prerequisites to suit necessarily involve merits of the claim, as well as jurisdictional inquiry on waiver of immunity); Thus, to waive immunity, the plaintiff must demonstrate the elements of the discrimination claim, in this case, age discrimination. A plea to the jurisdiction is a proper method for challenging whether a plaintiff has alleged the elements of the statutory discrimination claim. *Lueck*, 290 S.W.3d at 881.

The necessary elements of Rosenberg's *prima facie* age-discrimination case are

---

[3] *See Garcia II*, 253 S.W.3d at 660 (holding the Texas Commission on Human Rights Act clearly and unambiguously waives immunity for suits brought against school districts under the Act).

that she (1) was a member of the protected class (age forty or older—Rosenberg was 64), (2) was qualified for the position, (3) was terminated from employment, and, (4) was replaced by someone outside her protected class, or in the disparate treatment case, that others similarly-situated were treated more favorably. *See AutoZone, Inc. v. Reyes*, 272 S.W.3d 588, 592 (Tex. 2008) (citing *Ysleta Indep. Sch. Dist. v. Monarrez*, 177 S.W.3d 915, 917 (Tex. 2005)); *see also Reeves v. Sanderson Plumbing Prods., Inc*., 530 U.S. 133, 142, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000); *KIPP*, 446 S.W.3d at 108. Rosenberg bears the burden of proving age was a motivating factor in the allegedly discriminatory employment action. *AutoZone*, 272 S.W.3d at 592 (citing *Wal-Mart Stores, Inc. v. Canchola*, 121 S.W.3d 735, 739 (Tex. 2003)); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–05, 93 S.Ct. 1817, 1824–26, 36 L.Ed.2d 668 (1976) (applying a burden-shifting analysis). Courts will presume discrimination if Rosenberg meets her initial burden to establish a *prima facie* case, which at this stage of the lawsuit is "minimal." *Garcia II*, 372 S.W.3d at 634.

There are two methods by which Rosenberg could prove her discrimination claim. One is by direct evidence of KIPP's actions or words. *Quantum Chem.,* 47 S.W.3d at 476; *Diaz v. Goodman Manufacturing Co*., 214 S.W.3d 672, 676–77 (Tex. App.—Houston [14th Dist.] 2007, pet. denied). The second method, which applies here, involves circumstantial evidence of discrimination. In the circumstantial context, Rosenberg must set forth a *prima facie* case of discrimination under the framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. at 802–05.

## C. *Prima Facie* Case

In its plea to the jurisdiction and traditional and no-evidence motions for summary judgment, KIPP contended there was no evidence that either the February or

May 2011 employment decisions were motivated by Rosenberg's age.[4]   In response, Rosenberg asserted her age-discrimination claim was based solely on the February 2011 decision not to invite her to return for the 2011-2012 academic year, and the May termination was a pretext for the February action.   Under this framework, Rosenberg was required to offer proof that age was a motivating factor for the February decision. Rosenberg argues the trial court erred in granting KIPP's plea to the jurisdiction because KIPP "failed to negate any elements of Ann Rosenberg's *prima facie* case."   KIPP responded that Rosenberg failed to prove a *prima facie* case of age discrimination.

The evidence shows Rosenberg was over forty and qualified for the position.   The evidence also establishes she was not invited to return for the 2011-2012 academic year, and her employment was terminated in May 2011.   For purposes of the jurisdictional inquiry, whether Rosenberg established *prima facie* evidence on the fourth element of her discrimination claim is the focus here.

Relative to KIPP's employment actions, Rosenberg alleged:

Ms. Knight took it upon herself to *treat Plaintiff differently and less favorably* than the younger teachers and department heads. . . . In late February 2011 . . . Defendant informed Plaintiff that they were not inviting Plaintiff back for the next school year and *did not renew her contract.* . . . [D]espite letting Plaintiff go, Defendant was *retaining* the three individuals in Plaintiff's math department, two of whom were in their 20's and one who was either in his late 20's or early 20's and who had significantly less experience than Plaintiff. . . . Besides bringing in the significantly younger Lara Knight, Defendant also hired Paul Castro, 39, to oversee the high schools. . . . On May 17, 2011, though they had already given Plaintiff notice of non-renewal, Defendant *terminated* Plaintiff.   The alleged (and *pretextual*) reason was because Plaintiff did not "live the values or follow the norms of Kipp" . . . Defendant *did not retain* anyone in their 50's or

---

[4]   As an open-enrollment school, KIPP is entitled to governmental immunity from suit.  *LTTS Charter Sch., Inc. v. Palasota*, 362 S.W.3d 202, 208 (Tex. App.—Dallas 2012, no pet.); *see also* Tex. Labor Code Ann. § 12.105 (holding an open-enrollment charter school is part of the public school system of this state).

60's at Plaintiff's school and ultimately let Ken Estrella go as well. (Emphasis added).

Rosenberg claims KIPP had no basis for not renewing her employment for performance reasons because she had never been disciplined or coached as other first year employees had been, suggesting her non-renewal was due solely to her age. In her response to KIPP's plea to the jurisdiction and traditional and no-evidence motions for summary judgment, Rosenberg presented no evidence showing her not being invited back was motivated by age discrimination.

Castro was the person responsible for the February 2011 decision to decline to invite Rosenberg to return for the 2011-2012 academic year. Yet, Rosenberg testified she did not know who made the decision to decline to offer her a position for the 2011-2012 academic year. When asked at her deposition to assume Castro had made the decision, Rosenberg testified she did not know what information Castro considered in making his decision, they did not discuss his decision, and she had no information supporting her belief Castro made his decision with age as a motivating factor. Subjective beliefs that one is discriminated against are insufficient to support the claim. *M.D. Anderson Hosp. & Tumor Inst. v. Willrich*, 28 S.W.3d 22 (Tex. 2000) (holding subjective belief individual terminated because of race after four racial jokes told in the workplace is insufficient to create fact issue that reason for termination was pretextual). Rosenberg offered nothing more than unsubstantiated allegations that age was a motivating factor for the employment action. She did not offer any comments or documents regarding age as a motivating factor.

Further, the evidence revealed Rosenberg injected age into this scenario through an email she sent to Fimble (who played no role in the employment action) wherein she queried whether age played a role in Castro's decision. *See O'Donovan v. Weingarten Realty Management Company*, No. 01-11-00884-CV, 2012 WL 2928520, at *4 (Tex.

9

App.—Houston [1st Dist.] July 19, 2012, no pet.) (mem. op.) (holding individual's expressions of discomfort with her own aging do not raise a fact issue of age-related animus). Additionally, the evidence established Rosenberg was replaced in August 2011 with Thomas G., age 50, a fact Rosenberg neither disputed nor addressed. Thus, Rosenberg failed to produce evidence she was replaced by someone outside her protected class. *See KIPP*, 446 S.W.3d at 108.

Rosenberg asserts there is a "smoking gun" which established the non-renewal of her employment was due to age discrimination. The "smoking gun" was an email of KIPP's human resources director, Fimble, suggesting it may be wise to set aside a reserve for defending a claim. The email was prepared after Rosenberg's email to Fimble questioning whether age was a reason. Even if this email could be construed as showing age was a factor in the decision, Fimble was not the decision maker with respect to the non-renewal of Rosenberg's employment, and there is no evidence he played any role in Castro's decision. *See AutoZone*, 272 S.W.3d at 593 (holding discriminatory animus by someone other than the decision maker may be imputed to the employer if there is evidence the person exerted influenced over the decision-maker) (citing *Russell v. McKinney Hosp. Venture*, 235 F.3d 219, 226–27 (5th Cir. 2000)).

With respect to her claims she was treated differently from younger teachers, Rosenberg's argument is unsubstantiated. Employees may be considered similarly-situated "if their circumstances are comparable in all material respects, including similar standards, supervisors and conduct." *See Monarrez*, 177 S.W.3d at 917. Rosenberg offered no evidence those teachers were similarly-situated to her. The same is true for Rosenbrg's assertion that the departures of Estrella and Burnett supported her claim of age discrimination—neither were similarly-situated to Rosenberg. Additionally, Rosenberg's reference to KIPP's employment of Castro and Knight, and their respective ages, is no evidence to support Rosenberg's age-discrimination claim because neither

10

were teachers in a role similar to Rosenberg's.

Finally, Rosenberg claims the May 2011 termination resulting from what KIPP viewed as an inappropriate and unprofessional email is merely a pretext for Castro's decision to not invite Rosenberg to return for the 2011-2012 academic year. We need not decide whether the rationale for the May 2011 termination was a pretext because pretext is not considered in determining the merits of KIPP's plea to the jurisdiction. *See Williams*, 2013 WL 4779693, at \*3, n. 4.

In sum, Rosenberg did not offer proof of, or otherwise create a fact issue, to support her *prima facie* age-discrimination claim. Thus, there is no waiver of immunity, and the trial court properly granted KIPP's plea to the jurisdiction and dismissed Rosenberg's claims. We overrule Rosenberg's first issue, we need not reach her second issue, and we affirm the trial court judgment.


/s/     John Donovan
         Justice


Panel consists of Chief Justice Frost and Justices Donovan and Brown. (Frost, C.J., dissenting).

11