**AZLEWAY CHARTER SCHOOL and Azleway, Inc., Appellant**

v.

**Lacy HOGUE, Appellee**

**NO. 12–15–00257–CV**

Court of Appeals of Texas, Tyler.

Opinion delivered May 4, 2016

William S. Hommel, Jr., for Appellant.

Walter L. Taylor, for Appellee.

Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.

## OPINION

JAMES T. WORTHEN, Chief Justice

Azleway Charter School and Azleway, Inc. (collectively Azleway) appeal the trial court's order denying their plea to the jurisdiction. In one issue, Azleway contends that the trial court lacked subject matter jurisdiction to consider the lawsuit brought by Lacy Hogue because he failed to exhaust his administrative remedies. We affirm.

### BACKGROUND

Azleway, an open-enrollment charter school,[1] entered into a term employment contract with Hogue for the position of superintendent of schools. The contract set forth the period of employment at twenty-four months, including the 2012–2013 and 2013–2014 school years. On or about September 14, 2012, Azleway's board of trustees unanimously voted to nullify Hogue's term employment contract immediately.

Hogue filed the instant breach of contract lawsuit on June 6, 2015. Azleway answered and filed a plea to the jurisdiction, arguing that Hogue had failed to exhaust his administrative remedies because he had not appealed Azleway's board of trustees' action concerning his written employment contract pursuant to Texas Education Code, Section 7.057(a)(2)(B).

---

1. *See* Tex. Educ. Code Ann. § 5.001(6) (West 2012).

The trial court denied Azleway's plea, and this interlocutory appeal followed.[2]

### PLEA TO THE JURISDICTION

In its sole issue, Azleway argues that the trial court lacked subject matter jurisdiction because Hogue failed to exhaust his administrative remedies by appealing the Azleway board of trustees' action on his contract pursuant to Texas Education Code, Section 7.057(a)(2)(B).

### Standard of Review

■ A plea to the jurisdiction challenges the trial court's subject matter jurisdiction. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex.2000); *Rosenberg v. KIPP, Inc.*, 458 S.W.3d 171, 174 (Tex.App.–Houston [14th Dist.] 2015, pet. denied). A trial court's review of a plea to the jurisdiction challenging the existence of jurisdictional facts mirrors that of a matter of law motion for summary judgment. *KIPP, Inc. v. Whitehead*, 446 S.W.3d 99, 105 (Tex.App.–Houston [1st Dist.] 2014, pet. denied) (citing *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 635 (Tex.2012)). "A trial court must grant a plea to the jurisdiction ... when the pleadings do not state a cause of action upon which the trial court has jurisdiction." *Harris Cty. v. Sykes*, 136 S.W.3d 635, 639 (Tex.2004). Whether a court has jurisdiction is a question of law, which we review de novo. *State v. Holland*, 221 S.W.3d 639, 642 (Tex.2007).

■ In reviewing an order on a plea to the jurisdiction, we consider the pleadings and evidence relevant to the issue of jurisdiction, as well as evidence tending to negate the existence of jurisdiction. *See Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226–28 (Tex.2004). The plaintiff bears the burden of pleading specific allegations of fact that affirmatively demonstrate the trial court's jurisdiction to hear the case. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993); *see also Miranda*, 133 S.W.3d at 226.

■ If the evidence creates a fact question on jurisdiction, the trial court must deny the plea. *Rosenberg*, 458 S.W.3d at 174. If the relevant evidence is undisputed or if the plaintiff fails to raise a fact question as to jurisdiction, the trial court rules on the plea to the jurisdiction as a matter of law. *Whitehead*, 446 S.W.3d at 105 (citing *Garcia*, 372 S.W.3d at 635); *see also Fort Bend Indep. Sch. Dist. v. Williams*, No. 01–13–00052–CV, 2013 WL 4779693, at *3 n. 4 (Tex.App.–Houston [1st Dist.] Sept. 5, 2013, no pet.) (mem.op.) (holding only the prima facie elements of the plaintiff's case are jurisdictional); *see also Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 476 (Tex.2001); *Harris Cty. Flood Control Dist. v. Great Am. Ins. Co.*, 359 S.W.3d 736, 742 (Tex. App.–Houston [14th Dist.] 2011, pet. denied) (citing *Miranda*, 133 S.W.3d at 226–28). In reviewing the plea, we do not consider the merits of the case. *Cty. of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex.2002).

Lastly, in construing a statute, a reviewing court should determine and give effect

---

**2.** This court has jurisdiction to consider this appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West Supp.2015) (permitting interlocutory appeal by governmental unit of order granting or denying plea to jurisdiction); *see also id.* § 101.001(3)(D) (West Supp.2015) (defining "governmental unit" as "any other institution, agency, or organ of government the status and authority of which

are derived from the Constitution of Texas or from laws passed by the legislature under the constitution"); *LTTS Charter School, Inc. v. C2 Constr., Inc.*, 342 S.W.3d 73, 74–75 (Tex. 2011) (holding open-enrollment charter school is a "governmental unit" pursuant to Section 101.001(3)(D) for purposes of authorizing an interlocutory appeal under Section 51.014(a)(8)).

to the legislature's intent. *See Nat'l Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527 (Tex.2000); *Jones v. State*, 175 S.W.3d 927, 930 (Tex.App.–Dallas 2005, no pet.). If the meaning of the statutory language is unambiguous, a reviewing court adopts, with few exceptions, the interpretation supported by the plain meaning of the provision's words and terms. *See Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 865 (Tex.1999); *Jones*, 175 S.W.3d at 930. If a statute is unambiguous, rules of construction or other extrinsic aids cannot be used to create ambiguity. *Fitzgerald*, 996 S.W.2d at 865–66; *Jones*, 175 S.W.3d at 930. When we interpret a code enacted by the legislature, we read words and phrases in context and construe them according to the rules of grammar and common usage. *See* Tex. Gov't Code Ann. § 1.011(a) (West 2013); *see Jones*, 175 S.W.3d at 930. Words are given their ordinary meaning. *See Jones*, 175 S.W.3d at 930.

### Exhaustion of Administrative Remedy

Texas Education Code, Section 7.057 sets forth, in pertinent part, as follows:

> Except as [otherwise] provided ..., a person may appeal in writing to the commissioner if the person is aggrieved by ... a provision of a written employment contract between the school district and a school district employee, if a violation causes or would cause monetary harm to the employee.

█ Tex. Educ. Code Ann. § 7.057(a)(2)(B) (West Supp.2015). The Commissioner of Education has exclusive jurisdiction over actions or decisions of any school district board that violate any provision of a written contract between a school district and a school district employee. *See Larsen v. Santa Fe Indep. Sch. Dist.*, 296 S.W.3d 118, 128 (Tex.App.–Houston [14th Dist.] 2009, pet. denied). Contractual school district employees must exhaust this administrative remedy. *Id.*

█ Azleway argues that Hogue failed to exhaust this administrative remedy, and, thus, the trial court lacks subject matter jurisdiction over the matter. In response, Hogue argues that an open-enrollment charter school like Azleway is not a "school district" and, thus, Section 7.057 does not apply.

Since 1995, open-enrollment charter schools have been a part of the Texas public-school system. *See* Tex. Educ. Code Ann. § 12.105 (West 2012); *C2 Constr., Inc.*, 342 S.W.3d at 74. These nontraditional public schools, created and governed by Chapter 12 of the Education Code, receive government funding and comply with the state's testing and accountability system, but they operate with greater flexibility than traditional public schools, in hopes of spurring innovation and improving student achievement. *C2 Constr., Inc.*, 342 S.W.3d at 74.

An open-enrollment charter school is subject to federal and state laws and rules governing public schools. *See* Tex. Educ. Code Ann. § 12.103(a) (West 2012). Moreover, an open-enrollment charter school is subject to the Texas Education Code and rules adopted thereunder "only to the extent the applicability to an open-enrollment charter school of a provision of [the] code or a rule adopted [thereunder] ... is specifically provided." Tex. Educ. Code Ann. § 12.103(b) (West 2012).

For instance, Section 12.104 sets forth a number of regulations to which an open-enrollment charter school is subjected. *Id.* § 12.104 (West Supp.2015); *see also id.* § 12.1051–.1055 (West 2012 & Supp.2015). Furthermore, Section 12.1056(d)[3] provides

---

**3.** Section 12.1056 was amended effective June 18, 2015. Prior to this amendment, the

that an open-enrollment charter school is a local governmental entity as defined by Section 271.151 of the Local Government Code and is subject to liability on a contract as provided by Chapter 271, Subchapter I, but only in the manner that liability is provided by that subchapter for a school district. *See id.* § 12.1056(d) (West Supp.2015).[4] Yet, despite there being instances, such as in Section 12.1056(d), where an open-enrollment charter school is treated in the same manner as a school district, nothing in the Texas Education Code or the common law dictates that open-enrollment charter schools and school districts are universally equivalent.

Section 7.057(a)(2)(B) sets forth the process by which a person must appeal to the commissioner a grievance caused by a provision of a written employment contract between the school district and a school district employee. *See id.* § 7.057(a)(2)(B). But Section 7.057 makes no provision for the inclusion of open-enrollment charter schools, nor does any other section or rule suggest that they should be included under that rule as are school districts. *See id.*

[■] Under the subchapter relating to term contracts, the Texas Education Code defines "school district" as "any public school district in the state."[5] *Id.* § 21.201(2) (West.Supp.2015); *see also* THE AMERICAN HERITAGE DICTIONARY 1098 (2nd College Ed.1982) ("school district" is "a limited area within a state … that functions as the administrative unit of a public school system"). Based on the plain meaning of the term "school district" as well as its statutorily defined meaning, we conclude that the legislature intended Section 7.057(a)(2)(B) to apply only to "public school districts in this state." We further conclude that Section 7.057(a)(2)(B) does not apply to open-enrollment charter schools because the legislature did not specifically provide for the applicability of Section 7.057 thereto. *See id.* §§ 12.103(b), 21.201(2); *see also Fitzgerald,* 996 S.W.2d at 865–66; Tex. Educ. Comm'n, *Jiminez v. El Paso School of Excellence,* Docket No. 025–R8–0108 (Apr. 3, 2009) (concluding that Commissioner of Education lacks jurisdiction where open-enrollment charter school employee appeals under Section 7.057).[6] Accordingly,

statute provided that in matters related to operation of an open-enrollment charter school, "an open-enrollment charter school is immune from liability to the same extent as a school district." Acts 2001, 77th Leg., ch. 1504, § 6, 2001 Tex. Gen. Laws 5347. Azleway did not contend in its plea to the jurisdiction that it was immune from suit.

4. *See also id.* § 271.151(2)(A) (West Supp. 2015) (defining "contract subject to this subchapter" as "a written contract stating the essential terms of the agreement for providing goods or services to the local government entity that is properly executed on behalf of the local government entity"); *id.* § 271.152 (West 2005) (local government entity that is authorized to enter into contract and that enters into contract subject to this subchapter waives sovereign immunity to suit for purpose of adjudicating claim for breach of contract); *Damuth v. Trinity Valley Cmty. Coll.,* 450

S.W.3d 903, 904 (Tex.2014) (contract for providing "services" under Section 271.151(2) includes employment agreements).

5. We note that Texas Education Code, Chapter 21, Subchapter E, which pertains to "term contracts," provides a process by which an aggrieved party may appeal a decision not to renew a term contract to the Commissioner of Education. *See* TEX. EDUC. CODE ANN. § 21.209 (West 2012). But we further note that Section 21.201(3) defines "term contract" as "any contract of employment for a fixed term between a school district and a teacher." *Id.* § 21.201(3) (West Supp.2015). Chapter 21 makes no provision that it applies to an open-enrollment charter school.

6. Opinions by the Commissioner of Education, although persuasive, are not controlling on the courts. *Guerra v. Santa Rosa*

we hold that the trial court did not err in denying Azleway's plea to the jurisdiction. Azleway's sole issue is overruled.

### DISPOSITION

Having overruled Azleway's sole issue, we **affirm** the trial court's order denying Azleway's plea to the jurisdiction.

*Indep. School Dist.*, 241 S.W.3d 594, 602 n. 6    (Tex.App.–Corpus Christi 2007, pet. denied).