**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-15-00399-CV**

_____

**DARLA LACKEY, Appellant**

**V.**

**LONE STAR COLLEGE SYSTEM, Appellee**

**On Appeal from the 284th District Court**
**Montgomery County, Texas**
**Trial Cause No. 14-06-06271-CV**

**MEMORANDUM OPINION**

This is a case involving alleged employment discrimination pursuant to the Texas Commission on Human Rights Act ("TCHRA"). In three appellate issues, Darla Lackey challenges the trial court's order dismissing her claims against Lone Star College System ("LSCS") for lack of jurisdiction. We affirm the trial court's order.

1

BACKGROUND

Lackey sued LSCS for alleged employment discrimination under the TCHRA.[1] Lackey alleged that she is a forty-three-year-old Caucasian non-Hispanic female who began working for LSCS in September of 2012. According to Lackey, LSCS recruited her away from her previous job to serve as its "Human Resource Manager – benefits." Lackey pleaded that a shooting occurred at LSCS's North Harris location on January 22, 2013, and after the shooting, LSCS opened its employee assistance program (EAP) to all employees, although the EAP had previously only been available for full-time employees. On April 9, 2013, a stabbing occurred at LSCS's Cy-Fair location, and LSCS again opened its EAP to all employees. The human resources manager at Cy-Fair contacted Lackey and stated that an adjunct instructor was possibly suffering from post-traumatic stress disorder. The manager asked Lackey if the instructor could use the services of the EAP.

Lackey pleaded that although she had been "directed to open EAP to all employees after the stabbing[,]" she contacted her EAP representative, and "[t]he EAP representative instructed Plaintiff to tell the employee to call into the main

_____

[1]In her fourth amended petition, Lackey explicitly denied that she was asserting federal claims and stated that she was "in no way seeking damages or remedies that may stem from a federal cause of action."

2

services number and when asked if she was benefits eligible to say that she was." According to Lackey's petition, Lackey "understood from her campus leadership that all employees on campus were able to access benefits related to the stabbing[,] and upper leadership had announced on the news that [LSCS] would take care of all students and employees during this time." In addition, Lackey pleaded that LSCS's Chief Human Resource Officer, who was her supervisor, stated in an email to the Cy-Fair location that "all employees could receive EAP services (related to the stabbing incident) and added a hard finish date." According to Lackey, she never instructed an employee to lie, but instead was following LSCS's directions as to the one employee with possible PTSD who sought assistance from the EAP. LSCS fired Lackey on May 6, 2013.

Lackey further pleaded that her supervisor, Lisa Cowart, "allowed a Hispanic non-Caucasian employee to violate benefits policy by jeopardizing the retirements of three different individuals[,] causing a delay in their retirement benefits[,]" but did not terminate that employee. In addition, Lackey pleaded that the Hispanic employee intentionally "made a change in her own benefits when it was disallowed." According to Lackey, despite the fact that Lackey "is in a protected class and was qualified to do the job [LSCS] hired her for[,]" LSCS terminated Lackey and "treated a similarly situated, non-Caucasian Hispanic

3

employee more favorably than [Lackey], and replaced [Lackey] with a non-Caucasian Hispanic employee." Lackey asserted causes of action for disparate treatment and replacement.

LSCS filed a plea to the jurisdiction, asserting that its governmental immunity is only waived for suits in which the plaintiff pleads a case that establishes the *prima facie* elements of the claim. LSCS argued, among other things, that it was immune from Lackey's claims because she could not establish the *prima facie* element that she was qualified for her position. LSCS attached numerous exhibits to its plea, which included documents related to Lackey's qualifications and job performance and excerpts from Lackey's deposition. After conducting an oral hearing, the trial judge signed an order granting LSCS's plea to the jurisdiction and dismissing with prejudice Lackey's claims for disparate treatment and replacement.

ANALYSIS

In her three appellate issues, Lackey contends (1) the trial court improperly considered the *McDonnell Douglas* "nearly identical standard" at the *prima facie* stage of the litigation rather than the pretext stage;[2] (2) Lackey properly pleaded

---

[2]*McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

that she was replaced by someone outside her class; and (3) Lackey was similarly situated to her comparator. We analyze Lackey's issues together.

We review the trial court's ruling on a plea to the jurisdiction *de novo*. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). If the plaintiff has pleaded facts alleging a *prima facie* case and the governmental unit challenges the existence of jurisdictional facts, we will consider relevant evidence submitted. *Id*. at 227. When the pleading requirements have been met and evidence that implicates the merits of the case has been submitted in support of the plea to the jurisdiction, we take as true all evidence favorable to the plaintiff and resolve any doubts in the plaintiff's favor. *Id*. at 228. The plaintiff bears the burden to affirmatively demonstrate the trial court's subject matter jurisdiction. *Rosenberg v. KIPP, Inc.*, 458 S.W.3d 171, 174 (Tex. App.—Houston [14th Dist.] 2015, pet. denied).

The TCHRA provides a limited waiver of governmental immunity when a governmental unit has discriminated against an employee on the basis of age, sex, or other protected classification. *See* Tex. Lab. Code Ann. §§ 21.051, 21.055 (West 2015); *Mission Consol. Indep. Sch. Dist. v. Garcia*, 372 S.W.3d 629, 636 (Tex. 2012). The waiver of governmental immunity contained in the TCHRA only applies if the plaintiff alleges a violation within the scope of the statute. *Garcia*,

5

372 S.W.3d at 636. "Because the TCHRA is intended to execute the policies of Title VII of the Civil Rights Act of 1964 and its subsequent amendments, analogous federal statutes and cases guide state courts in interpreting the TCHRA." *Kokes v. Angelina College*, 148 S.W.3d 384, 391 (Tex. App.—Beaumont 2004, no pet.) (citing *Quantum Chem. Corp. v. Toennies*, 47 S.W.3d 473, 476 (Tex. 2001)); *see also Wal-Mart Stores, Inc. v. Canchola*, 121 S.W.3d 735, 739 (Tex. 2003).

To prove a *prima facie* case of disparate treatment race discrimination, a plaintiff must show that she was "(1) a member of a protected class; (2) qualified for [her] position; (3) subject to an adverse employment action; and (4) treated less favorably because of [her] membership in that protected class than were other similarly situated employees who were not members of the protected class." *Harris Cty. Hosp. Dist. v. Parker*, 484 S.W.3d 182, 196 (Tex. App.—Houston [14th Dist.] 2015, no pet.) (citing *Okoye v. Univ. of Tex. Houston Health Sci. Ctr.*, 245 F.3d 507, 512-13 (5th Cir. 2001)). To establish a *prima facie* case of replacement race discrimination, the plaintiff must show that she was (1) a member of a protected class under the TCHRA, (2) qualified for her position, (3) suffered an adverse employment action, and (4) replaced by someone not in the protected class. *Garcia*, 372 S.W.3d at 632; *Gonzalez v. Champion Techs., Inc.*, 384 S.W.3d 462, 466 (Tex. App.—Houston [14th Dist.] 2012, no pet.).

6

Simply stated, for Lackey to establish a *prima facie* case of discrimination as to both of the causes of action she asserted, she must first establish that she was qualified for her position. *See Garcia*, 372 S.W.3d at 638; *Parker*, 484 S.W.3d at 196; *Gonzalez*, 384 S.W.3d at 466. "To be 'qualified' a plaintiff must have been 'performing his job at a level that met his employer's legitimate expectations' at the time of his discharge." *McClaren v. Morrison Mgmt. Specialists, Inc.*, 316 F. Supp. 2d 489, 497-98 (W.D. Tex. 2004), *aff'd*, 420 F.3d 457 (5th Cir. 2005). ) As discussed above, LSCS contended in its plea to the jurisdiction that because Lackey could not establish that she was qualified for her position, LSCS's governmental immunity was not waived.

LSCS attached several exhibits to its plea to the jurisdiction. Those documents included emails which indicated that Lackey had failed to insure that LSCS timely made payments to TexFlex and the Employees Retirement System of Texas (ERS), which caused LSCS to fall approximately four million dollars behind in its payments; Lackey had failed to respond to emails, phone calls, and letters from ERS for over three months; she had failed to adequately communicate with LSCS employees and retirees who were seeking her assistance; and she had failed to accurately complete a benefits survey. LSCS also attached as an exhibit excerpts from Lackey's deposition, including Lackey's testimony that she understood that

as benefits manager, she was in charge of handling any benefits issues, including payments to ERS. In addition, LSCS attached as an exhibit a job description for its benefits manager in the human resources department. Said job description stated, among other things, that the benefits manager would "[m]anage[] all LSCS Benefit Plans[,]" "[r]esolve employee/agency issues ensuring that compliance to [the] plan is maintained along with being a proactive employee advocate[,]" be "[r]esponsible for monthly reconciliation of $15[,000,000] annual benefit expenditures[,]" and "[p]rovide retirement counseling to employees who are retiring."

We conclude that LSCS's evidence demonstrated that Lackey was not performing her job at a level that met LSCS's legitimate expectations, and Lackey was therefore not qualified for her job. *See Garcia*, 372 S.W.3d at 632; *Parker*, 484 S.W.3d at 196; *Gonzalez*, 384 S.W.3d at 466; *see also McClaren*, 316 F. Supp. 2d at 497-98. Because Lackey did not establish that she was qualified, she failed to demonstrate a *prima facie* case under the TCHRA; therefore, LSCS's governmental immunity is not waived. *See Garcia*, 372 S.W.3d at 638; *Parker*, 484 S.W.3d at 196; *Gonzalez*, 384 S.W.3d at 466; *see also McClaren*, 316 F. Supp. at 497-98. Accordingly, we conclude that the trial court did not err by granting LSCS's plea to the jurisdiction. Because Lackey's failure to state a *prima facie*

case is dispositive, we need not address issues one, two, and three. We affirm the trial court's order granting LSCS's plea to the jurisdiction.

AFFIRMED.

_____
STEVE McKEITHEN
Chief Justice

Submitted on June 1, 2016
Opinion Delivered October 20, 2016

Before McKeithen, C.J., Kreger and Johnson, JJ.

9