

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-23-00446-CV

———————————————————

IRVING BUTLER II, Appellant

V.

RESPONSIVE EDUCATION SOLUTIONS, Appellee

On Appeal from the 141st District Court
Tarrant County, Texas
Trial Court No. 141-343726-23

Before Kerr, Birdwell, and Bassel, JJ.
Memorandum Opinion by Justice Bassel

**MEMORANDUM OPINION**

## I. Introduction

Appellant Irving Butler II appeals from the order granting the plea to the jurisdiction filed by Appellee Responsive Education Solutions,[1] which operates the open-enrollment charter school that previously employed Butler. In a single issue, Butler argues that the trial court erred by granting Appellee's plea to the jurisdiction, by which he contends that Appellee improperly received the protection of governmental immunity[2] in contradiction to the Texas Education Code. Because the Texas Supreme Court has held that open-enrollment charter schools and their charter holders have governmental immunity to the same extent as public schools, and because Butler failed to show that Appellee waived its governmental immunity, we affirm.

---

[1]Per Appellee's brief, "Responsive Education Solutions is the former name of the non[]profit corporation, ResponsiveEd Texas. . . . [A]ny reference to 'Responsive Education Solutions' named in Butler's [p]etition is a misnomer."

[2]Courts often use the terms sovereign immunity and governmental immunity interchangeably. *Wichita Falls State Hosp. v. Taylor*, 106 S.W.3d 692, 694 n.3 (Tex. 2003). Sovereign immunity protects the State as well as "various divisions of state government, including agencies, boards, hospitals, and universities" from liability. *Id.* Governmental immunity protects political subdivisions of the State, including counties, cities, and school districts. *Id.* Because this case deals with a political subdivision of the State—an open-enrollment charter school—our discussion below will use the term governmental immunity.

## II. Background[3]

Appellee hired Butler in 2022 to serve as a general-education classroom teacher at Ignite Community School, which is an open-enrollment charter-school campus operated by Appellee. Butler received a handbook, which explicitly states that Appellee is an at-will employer. Butler signed an acknowledgment that he had read the handbook.

In November 2022, Butler intervened to break up a fight between two students. Appellee initially placed Butler on administrative leave for his use of excessive force to restrain a student with a disability, resulting in that student's sustaining broken bones. But later, Appellee terminated Butler's employment.

Butler sued Appellee for breach of contract "pursuant to Chapter 271 of the Texas Local Government Code" and sued under the doctrines of respondeat superior, agency, ratification, and nondelegable duty and sought attorney's fees as well as prejudgment and postjudgment interest.

Appellee answered with a general denial and later amended its answer to plead specific denials and affirmative defenses. Among its affirmative defenses, Appellee pleaded the defense of governmental immunity as to all of Butler's claims, explaining that

> [a]s an open-enrollment charter school, [Appellee] is "immune from liability and suit to the same extent as a school district, and the employees and volunteers of the open-enrollment charter school or

---

[3]We note that the "Statement of Facts" section of Butler's brief includes no record references. We do not condone this briefing tactic. *See generally* Tex. R. App. P. 38.1(g) (requiring the statement of facts to be supported by record references).

3

charter holder are immune from liability and suit to the same extent as school district employees and volunteers." Tex. Educ. Code [Ann.] § 12.1056(a); *see also El Paso Educ. Initiative, Inc. v. Amex Prop[s.], LLC*, 602 S.W.3d 521, 529 (Tex. 2020) (holding that charter schools are arms of the state, have immunity, and that even a contract signed by the superintendent/CEO who was also board chair was not properly executed and therefore did not waive immunity for breach of contract where the [b]oard of [d]irectors did not approve the contract). A school district[—]and, by extension, an open-enrollment charter school[—]is immune from suit for breach of contract unless it enters into a properly executed written agreement for the provision of goods or services. *See* Tex. Loc. Gov't Code [Ann.] §§ 271.151–.152. [Appellee] asserts there exists no[] contract and no [b]oard of [d]irector[s'] approval of any contract necessary to waive [Appellee's] immunity.

Appellee thereafter filed a plea to the jurisdiction. Appellee explained that Butler was an at-will employee, that no employment contract between the parties was executed, and that Butler's employment was lawfully terminated after he used excessive force against a student. Appellee argued that Butler not only could not meet his burden of establishing a prima facie case for breach of contract (because no contract ever existed between the parties) but also that he could not proceed on his claims because he could not demonstrate and had failed to assert a clear and unambiguous statutory waiver of Appellee's governmental immunity. Appellee attached to its plea to the jurisdiction (1) a copy of the handbook that Butler had received; (2) a signed acknowledgment from Butler attesting that he had received and had read the handbook; (3) the November 18, 2022 written reprimand for Butler's actions in breaking up the fight; (4) the December 2, 2022 administrative-leave notice; (5) a document dated September 22, 2016, showing Butler's surrender of his Texas

4

Education Agency Educator Certificate due to excessive discipline of a student; (6) the letter terminating Butler's employment with Appellee; and (7) the affidavit of the superintendent's executive assistant who oversaw the board of directors' meetings and averred that no employment contract for Butler (or any general-education teachers) had been presented to the board of directors.

Butler filed a response asserting that Appellee "cannot in one instance[] accept the protection [i.e., governmental immunity] afforded to public schools under the law[] and then in the next[] fail to adhere to the laws required of public school districts [i.e., hire classroom teachers under Texas Education Code Chapter 21 contracts instead of at will]." Butler's response concluded that "[i]f [Appellee] is required by rule to comply with Texas Education Code standards, then a contract must exist in relation to [him because he] was a classroom teacher." Butler did not attach any exhibits to his response, much less any showing that he had a written employment contract with Appellee.

Appellee filed a reply pointing out that Butler had failed to produce more than a scintilla of evidence in support of the essential elements of his cause of action against Appellee, including (1) the existence of a valid employment contract and (2) waiver of Appellee's immunity from suit. Appellee further noted that "[u]nsubstantiated assertions, improbable inferences, and unsupported speculation are not competent evidence and do not raise a fact issue necessary to waive [Appellee's] immunity."

5

After reviewing the plea to the jurisdiction, the response, and the reply, the trial court granted the plea to the jurisdiction and dismissed all of Butler's claims and requests for relief. This appeal followed.

### III. Propriety of Plea-to-the-Jurisdiction Ruling

In his sole issue, Butler argues that the trial court erred by granting Appellee's plea to the jurisdiction. The crux of Butler's argument is that although public school districts are afforded governmental immunity, under Chapter 21 of the Texas Education Code they are required to employ classroom teachers under probationary contracts, continuing contracts, or term contracts. *See* Tex. Educ. Code Ann. § 21.002(a). Butler extrapolates that Appellee should not be afforded the same governmental immunity as a public school district unless it also provided its classroom teachers with Chapter 21 employment contracts, and thus he must have had an employment contract with Appellee. Butler's faulty extrapolation and lack of any evidence of a contract fail to raise a question of fact that would defeat Appellee's plea to the jurisdiction.

#### A.    Standard of Review

Governmental immunity exists to protect subdivisions of the State, such as school districts, from lawsuits for money damages and deprives a trial court of subject-matter jurisdiction over the plaintiff's claims unless immunity has been waived by the legislature. *Mission Consol. Indep. Sch. Dist. v. Garcia*, 253 S.W.3d 653, 655 & n.2 (Tex. 2008). An open-enrollment charter school or charter holder is immune from

6

liability and suit to the same extent as a school district. *See* Tex. Educ. Code Ann. § 12.1056; *El Paso Educ. Initiative*, 602 S.W.3d at 529–30.

As this court has previously noted,

> [t]o invoke the trial court's subject-matter jurisdiction, the plaintiff must allege facts that affirmatively demonstrate that the court has jurisdiction to hear the case. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). A plea to the jurisdiction is an appropriate procedural vehicle by which a party may challenge a trial court's subject-matter jurisdiction. *Bland ISD v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000); *Tex. Dep't of Transp. v. Jones*, 8 S.W.3d 636, 639 (Tex. 1999). When a plea to the jurisdiction challenges the existence of jurisdictional facts, as in this case, the court considers the evidence submitted when resolving the jurisdictional issue. *Miranda*, 133 S.W.3d at 227. "If the evidence creates a fact question regarding the jurisdictional issue, then the trial court cannot grant the plea to the jurisdiction, and the fact issue will be resolved by the fact[]finder." *Id.* at 227–28. But if the jurisdictional evidence is undisputed or fails to raise a fact question, the trial court rules on the plea to the jurisdiction as a matter of law. *Id.* at 228.

> We review a trial court's ruling on a plea to the jurisdiction de novo. *Id.* As with the summary-judgment standard of review, we take as true all evidence favorable to the nonmovant, indulging every reasonable inference and resolving any doubts in the nonmovant's favor. *Id.* However, we cannot disregard evidence necessary to show context or disregard unfavorable evidence if reasonable jurors could not disregard it. *Alamo Heights ISD v. Clark*, 544 S.W.3d 755, 771, 793 (Tex. 2018). To create a fact question, the nonmovant must present more than a scintilla of probative evidence on each challenged jurisdictional fact. *See Miranda*, 133 S.W.3d at 227–28; *see also* Tex. R. Civ. P. 166a(c) (setting out traditional summary-judgment review standard); *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004) ("A genuine issue of material fact exists if more than a scintilla of evidence establishing the existence of the challenged element is produced."). More than a scintilla of evidence exists when the evidence allows reasonable and fair-minded people to differ in their conclusions. *Merrell Dow Pharm. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997).

*Univ. of N. Tex. Health Sci. Ctr. v. Paul*, No. 02-22-00305-CV, 2023 WL 4779480, at *2 (Tex. App.—Fort Worth July 27, 2023, no pet.) (mem. op.).

### B.    Applicable Law

As set forth above, Appellee's amended answer setting forth its affirmative defenses noted that the Texas Supreme Court case of *El Paso Education Initiative* held that charter schools are arms of the state and have governmental immunity. 602 S.W.3d at 529. As explained by the Tyler Court of Appeals, a number of statutory provisions govern open-enrollment charter schools and specifically the circumstances under which a charter school may enter into an employment contract that impacts its ability to claim the protections of governmental immunity:

> [Open-enrollment charter schools are] nontraditional public schools, created and governed by Chapter 12 of the Education Code, [that] receive government funding and comply with the state's testing and accountability system, but they operate with greater flexibility than traditional public schools, in hopes of spurring innovation and improving student achievement.
>
> An open-enrollment charter school is subject to federal and state laws and rules governing public schools. *See* Tex. Educ. Code Ann. § 12.103(a) . . . . Moreover, an open-enrollment charter school is subject to the Texas Education Code and rules adopted thereunder "only to the extent the applicability to an open-enrollment charter school of a provision of [the] code or a rule adopted [thereunder] . . . is specifically provided." [*Id.*] § 12.103(b) . . . .
>
> For instance, Section 12.104 sets forth a number of regulations to which an open-enrollment charter school is subjected. *Id.* § 12.104[4]

---

[4]Notably absent from Section 12.104(b) is any reference to Subchapters C, D, or E of Chapter 21 of the Texas Education Code, which deal with the types of

8

. . . ; *see also id.* §[§] 12.1051–.1055 . . . . Furthermore, Section 12.1056(d) provides that an open-enrollment charter school is a local governmental entity as defined by Section 271.151 of the Local Government Code and is subject to liability on a contract as provided by Chapter 271, Subchapter I[] but only in the manner that liability is provided by that subchapter for a school district. *See id.* § 12.1056(d) . . . .

*Azleway Charter Sch. v. Hogue*, 515 S.W.3d 359, 362–63 (Tex. App.—Tyler 2016, no pet.) (citations and footnotes omitted).

And the Texas Supreme Court has further explained that immunity is waived for breach-of-contract claims brought against a local government entity for contracts subject to Local Government Code Chapter 271 only

> if the terms and conditions of the chapter are met:
>
>> A local governmental entity that is authorized by statute or the constitution to enter into a contract and that enters into a contract subject to this subchapter waives sovereign immunity to suit for the purpose of adjudicating a claim for breach of the contract, subject to the terms and conditions of this subchapter.
>>
>> . . . .
>
> To invoke Chapter 271, the party claiming a breach of contract "must in fact have entered into a contract that is 'subject to this subchapter,' as defined by [S]ection 271.151(2)." A contract "subject to this subchapter" means "a written contract stating the essential terms of the agreement for providing goods or services to the local governmental entity that is *properly executed* on behalf of the local governmental entity . . . ." [Tex. Loc. Gov't Code Ann. § 271.151(2)(A).]
>
> . . . .

employment contracts that are required for a classroom teacher of a public school. *See generally* Tex. Educ. Code Ann. § 12.104(b).

. . . In this context, a contract is *properly* executed when it is executed in accord[ance] with the statutes and regulations prescribing that authority.

*El Paso Educ. Initiative*, 602 S.W.3d at 530–32 (footnotes omitted). The Texas Supreme Court further elaborated that absent board approval, a contract is not "properly executed on behalf of" the district. *Id.* at 533 (citing 19 Tex. Admin. Code §§ 100.1033(a)–(b), .1101(b)–(c)).

## C. Analysis

Applying the relevant law cited above, Butler's argument fails because he did not have a written employment contract with Appellee, much less one that had been approved by Appellee's board of directors. In the absence of a written contract, Butler cannot show that Appellee waived immunity under Chapter 271.

Butler does not appear to dispute that no written contract exists. Instead, he appears to make a policy argument that his employment should have been governed by a written contract. According to Butler, Appellee should not be allowed to "accept the protection afforded to public schools under the law" without being subject to the same requirements—including Education Code Chapter 21's requirement that all classroom teachers must be employed via contract—because this would be contrary to the legislature's intent.

But waivers of governmental immunity must be effected by "clear and unambiguous" statutory language. *See* Tex. Gov't Code Ann. § 311.034. Butler mentions "legislative intent" but ignores that the legislature had the opportunity to

10

require open-enrollment charter schools to execute Chapter 21 contracts when hiring classroom teachers but did not include that in Texas Education Code Section 12.104(b) when listing the statutes to which an open-enrollment charter school is subject. *See generally* Tex. Educ. Code Ann. § 12.104(b). Notably absent from Section 12.104(b) is any reference to Subchapters C, D, or E of Chapter 21 of the Texas Education Code, which deal with the types of employment contracts that are required for a classroom teacher of a public school. *See generally id.* It is the legislature's statutory exception—not just "the Texas Education Agency's standard," which Butler references generally but never specifically cites—that does not require open-enrollment charter schools to employ classroom teachers under contracts. The essence of Butler's argument is that as a teacher, he should have the protections of a written contract and receive the benefit of a Chapter 271 waiver. In other words, he wants the law to be different than it is, but he has chosen the wrong audience for his argument as it is the legislature (not the judicial branch) that authored and passed Texas Education Code Section 12.104(b).

As the Texas Supreme Court has explained when noting that charter schools receive the protection of governmental immunity, "Chapter 271 waives that immunity for breach-of-contract claims brought under the chapter," *El Paso Educ. Initiative*, 602 S.W.3d at 534, but to invoke Chapter 271, the party claiming a breach of contract "must in fact have entered into . . . a written contract stating the essential terms of the agreement for providing goods or services to the local governmental entity that is

11

*properly executed* on behalf of the local governmental entity . . . ." *Id.* at 531 (citing Tex.

Loc. Gov't Code Ann. § 271.151(2)(A)). Here, as explained by Appellee,

> [it] provided conclusive evidence establishing that it operates as an at-will employer as permitted by Chapter 12 of the Education Code, and it negated the existence of an employment contract between the parties. Further, [Appellee] irrefutably proved that its [b]oard of [d]irectors was never presented with the purported employment contract for its approval.

Because the evidence is undisputed that Butler did not have an employment contract, much less one that was properly executed as Local Government Code Section 271.151 requires, and because—even though Butler wishes otherwise—the Education Code does not require a written contract between an open-enrollment charter school and the general-education classroom teachers it employs, Appellee's immunity from Butler's breach-of-contract claim was not waived. Accordingly, we hold that Appellee retains its governmental immunity. *See id.* at 534. We thus overrule Butler's sole issue.

## IV. Conclusion

Having overruled Butler's sole issue, we affirm the trial court's order granting Appellee's plea to the jurisdiction and dismissing all of Butler's claims and requests for relief.

/s/ Dabney Bassel

Dabney Bassel
Justice

Delivered: June 6, 2024

12